113 So.2d 805 (1959)
Sam TUBERVILLE, Plaintiff-Appellant,
v.
W. T. FOSTER, Defendant-Appellee.
No. 4862.
Court of Appeal of Louisiana, First Circuit.
June 30, 1959.
Palmer & Palmer, Amite, for appellant.
Mary Purser, Amite, for appellee.
Before LOTTINGER, TATE and KENNON, JJ.
TATE, Judge.
This is a suit for unpaid wages, and for penalty wages and attorneys' fees under LSA-R.S. 23:632. The trial court awarded plaintiff judgment in the sum of $102 for *806 unpaid wages, but rejected his demand for penalties and attorneys' fees.
Plaintiff appeals insofar as his latter claim was rejected. Defendant answers the appeal praying that the judgment be reversed insofar as it awarded plaintiff recovery for unpaid wages.
The plaintiff testified that, upon the defendant's solicitation, he had agreed to perform carpentering repairs upon a dilapidated house owned by defendant for wages of $1 per hour. Since the plaintiff was crippled and in poor health, it was understood that such labors were to be performed intermittently and at plaintiff's convenience. It was also agreed that defendant would not pay him for his services until the defendant's 1956 cotton crop was gathered and sold.
Defendant denies that any such agreement was confected between the parties, further stating that his cotton crop had subsequently to the repairs been plowed up and not sold.
Plaintiff testified, allegedly from notation made by him at the time the work was done, that between September 3rd and December 29, 1956, he had performed in accordance with such oral contract $102 worth of services for the defendant in installing flooring, sheet rock on the walls, and asphalt shingles, and in hauling the materials to the job site, so as to restore and remodel defendant's house, which the latter rented after the remodeling as a cafe.
We are unable to say that the District Court committed error in finding plaintiff's testimony thereasto more credible than defendant's denial, especially since the former version was corroborated by the testimony of the plaintiff's wife and brother as to the confection of the agreement, by defendant's tenant as the performance by plaintiff of work in the remodeling of the old house, and by admissions by defendant that plaintiff did perform certain services in connection with such repairs (although allegedly only on a voluntary and non-paid basis). The award of judgment for the unpaid wages in the amount of $102 must therefore be affirmed.
Plaintiff, however, has appealed from the denial of his additional demand for penalty wages and attorneys' fees under LSA-R.S. 23:631-632.
Under LSA-R.S. 23:631, the legislature has imposed a mandatory duty upon employers to pay an employee upon his demand within 24 hours after termination of the latter's employment. LSA-R.S. 23:632 further provides:
"Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the laborer or other employee for his full wages from the time the demand for payment by the discharged or resigned laborer or employee was made, until the employer shall pay or tender payment of the amount due to such laborer or other employee. Reasonable attorneys' fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a just suit be filed by the laborer or employee after twenty-four hours shall have elapsed from time of making the first demand following discharge or resignation."
Despite the mandatory legislative language, it is well settled that these statutory provisions, insofar as assessing a penalty for unpaid wages, must be strictly construed, and that an employer may interpose an equitable defense to the imposition of the statutory penalties. Mitchell v. First National Life Ins. Co., 236 La. 696, 109 So.2d 61; Clevy v. O'Meara, 236 La. 640, 108 So.2d 538; Elliott v. General Gas Corp., 229 La. 128, 85 So.2d 55; Strickland v. American Pitch Pine Export Co., 224 La. 949, 71 So.2d 338. In refusing to award penalties in reliance upon these cases, the trial court apparently found that the defendant's refusal to pay the wages he owed was made in good faith and was *807 not founded upon an unreasonable or arbitrary stand.
Such finding was apparently based upon the informal nature of the agreement between the plaintiff and the defendant; upon defendant's absence during a period when part of the labors were performed; upon the informal records maintained by the plaintiff for his services; and upon plaintiff's delay in demanding payment of such wages after the expiration of the time agreed upon for such payment. (Plaintiff testified that he orally demanded the wages in January of 1957 and over the next few months orally reiterated his demand several times. Defendant testified contradictorily that he was not requested to pay such wages until he attempted to evict plaintiff from another small house rented to plaintiff by him, when such wages were for the first time demanded in writing by a reconventional demand filed in September 1957 in the eviction proceedings which took place prior to the present suit.)
However, it is to be noted that the employer did not defend this claim for unpaid wages upon any theory that the amount was uncertain due to the loose and haphazard way both parties had conducted their business, so that the present suit was by way of an accounting necessary to resolve the honest and foreseeable differences between the parties. See Bridges v. McClenaghan, La.App. 2 Cir., 14 So.2d 652; but cf., Britton v. Holloman Lumber Co., La.App. 2 Cir., 7 So.2d 202.
Instead, the defendant employer alleged and testified that he had entered into no contract of employment with the plaintiff, and that the plaintiff had performed no work in repairing his house. This testimony the trial court rejected as untrue.
We believe therefore that the plaintiff-appellant correctly contends that the employer's refusal to pay the wages due to his employee cannot be held to be in good faith, based as it was (under the trial court's evaluation of the credibility of the witnesses) upon false and indeed perjured testimony. The penalties provided by LSA-R.S. 23:632 are therefore assessable against the defendant employer for his failure to pay plaintiff's wages after the latter's demand.
But although the statute provides that "full wages" from the time of demand of unpaid wages until tender thereof shall be allowed as additional penalty wages, we do not believe such relief should be available under the terms of the particular employment contract before us. Although the hourly wage was agreed upon, plaintiff had (until the job was completed either by himself or the owner) full discretion as to the number of hours (if any) he would work per day and as to the number of days (if any) he would work per week or per month, and such casual labor contemplated and as he did furnish does not afford any sound basis by which to fix a daily, weekly, or monthly rate at which to assess penalty wages.
However, having filed a "just suit" for unpaid wages, plaintiff is entitled to an award of reasonable attorney's fees to "be taxed as costs * * * by the employer", LSA-R.S. 23:632. Although such fees in the amount of $200 were demanded and although an attorney testified that an award of $250 would be reasonable in a contested case of this sort (and although plaintiff's attorney demonstrated commendable preparation and research herein), we think under all the circumstances of this claim and exercising the discretion allowed to us in such an instance, that the reasonable attorney's fees to be allowed plaintiff herein should be fixed in the amount of $75. See, e. g., Britton v. Holloman Lumber Co., La. App., 2 Cir., 7 So.2d 202.
For the reasons assigned, the judgment of the trial court is amended so as to allow the plaintiff-appellant attorney's fees in the amount of $75, to be taxed as costs against the defendant; and as thus amended, the judgment is affirmed.
Amended and affirmed.