276 So.2d 340 (1973)
B. SEGALL COMPANY, INC., Plaintiff-Appellee,
v.
J. C. TRAHAN, Defendant-Appellant.
No. 12047.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1973.
Rehearing Denied, May 1, 1973.
Writ Granted June 21, 1973.
*341 Cook, Clark, Egan, Yancey & King by Clarence L. Yancey, Shreveport, for defendant-appellant.
Naff, Kennedy, Goodman & Donovan by Robert J. Donovan, Jr., Shreveport, for plaintiff-appellee.
Before AYRES, BOLIN and HALL, JJ.
Rehearing En Banc Denied, May 1, 1973.
BOLIN, Judge.
B. Segall Company, Inc., entered into a written contract with J. C. Trahan to perform air conditioning and plumbing work in connection with the remodeling of Trahan's residence in Shreveport, Louisiana. After the work was finished Segall billed Trahan for $60,959.91, of which amount Trahan paid $55,204.46. This suit was filed for the balance allegedly due under the contract. Trahan filed exceptions of prematurity and no cause or right of action which were overruled. Following trial on the merits judgment was rendered in favor of plaintiff against defendant for $5,576.39, together with legal interest from judicial demand until paid and all costs. From this judgment defendant appeals and reurges the exceptions previously filed and overruled. For reasons hereinafter expressed we amend the judgment so as to reduce the award to $2,086.90.
Before this court appellant has specified that the three principal errors committed by the lower court were:
(1) Failure to sustain the exceptions of prematurity and no right of action based on plaintiff's non-compliance with the arbitration clause in the contract.
(2) Granting an excessive award which was not computed according to the terms of the written contract.
(3) Awarding legal interest from the date of judicial demand rather than from date of judgment.
We shall dispose of the three issues in the order stated.

ARBITRATION
Article 19 of the contract provides in part as follows:
"Any disagreement arising out of this contract or from the breach thereof shall be submitted to arbitration. ..."
It is contended that based upon the arbitration clause in the contract and Louisiana Revised Statutes 9:4201 et seq., the dispute should have been settled by arbitration and the failure to arbitrate rendered *342 the suit premature. Louisiana Revised Statutes 9:4202 and 4203 set forth the remedy for a party desiring to arbitrate a dispute. Section 4202 provides for a stay of proceedings until the arbitration has been had in accordance with the terms of the contract. Section 4203 provides that the party desiring arbitration may petition any court of record having jurisdiction for an order directing that the arbitration proceed in the manner provided for in the agreement.
Arbitration is a means of settling differences in lieu of judicial proceedings but a defendant is dilatory in claiming that the plaintiff is relegated to a submission of the dispute to arbitration unless he first makes application to stay the judicial proceedings pending the arbitration. Since defendant failed to comply with Louisiana Revised Statutes 9:4202 and 4203, his exceptions were properly overruled.

QUANTUM
It is undisputed that the only provision of the contract having any bearing on the amount due is found in the following paragraph, which was a typewritten addendum to the printed contract form:
"Revised contract proposal shall serve as the guaranteed maximum cost for the work, as modified; and the contract shall be performed on the basis of the actual cost of all labor and materials plus overhead expenses, at 15% of the cost of all materials, and profit at 10% of all labor and materials. ..."
Appellee contends the above provision means that Segall was entitled to receive fifteen per cent of the cost of materials used by that company as well as fifteen per cent of both the materials and labor for which Segall was required to pay its subcontractors. Additionally, Segall contends it is entitled to a profit of ten per cent of the total charges, including the labor, the materials and the overhead, computed as set forth above.
Trahan on the other hand contends plaintiff is entitled to only fifteen per cent of the cost of all materials that went into the job, whether placed there by Segall or one of his subcontractors, and a profit of ten per cent of the labor and materials.
An examination of the exhibits filed in evidence convinces us the sum of $18,633.77 was spent under the contract for labor and on this amount plaintiff charged defendant fifteen per cent, or the sum of $2,795.06. The record also shows overhead charges totaling $6,944.26 on which plaintiff charged ten per cent profit or $694.43. Defendant contends both of these charges were unwarranted under the terms of the contract quoted above and that both charges, totaling $3,489.49, should be eliminated. We agree with this contention.
We find no ambiguity in the provision of the contract stating "actual cost of all labor and material, plus overhead expenses at fifteen per cent of the cost of all materials, and profit of ten per cent of all labor and materials." There is nothing in the contract to indicate that "labor" should be interpreted to mean "materials", whether performed by the primary contractor or subcontractor. We conclude plaintiff is not entitled to fifteen per cent overhead charge on labor furnished by subcontractors and is not entitled to ten per cent profit on the overhead item because the contract does not authorize these charges.
Segall relies on Civil Code Articles 1947, 1950, and 1957 and cases cited thereunder to the effect that contracts should be interpreted so as to carry out the intent of the parties and that in doubtful cases the agreement should be interpreted against him who has contracted the obligation. We find this argument to be inapplicable to the issue before this court. To the contrary, we find Civil Code Article 1901 more relevant to the issue before us. This article provides that agreements legally entered into have the effect of law between the parties and must be performed unless revoked. Also appropriate is Civil Code *343 Article 1945 providing that the intent of the parties to a contract is "to be determined by the words of the contract, when these are clear and explicit and lead to no absurd consequences."
Finding no ambiguity in the contract and no error or mistake in the confection thereof, we conclude the lower court has incorrectly computed the amount due plaintiff by defendant and the judgment should be reduced by the sum of $3,489.49, leaving a balance due of $2,086.90.

INTEREST
A serious legal issue is presented as to the date from which interest becomes due on the debt. At the time the contract was entered into Louisiana Civil Code Article 1938 provided:
"All debts shall bear interest at the rate of five per centum per annum from the time they become due, unless otherwise stipulated."
Louisiana Civil Code Article 1940 states:
"In cases where no conventional interest is stipulated, the legal interest, at the time the contract was made, shall be recovered, although the rate may have been subsequently changed by law."
Appellant argues the judgment was incorrect in allowing interest from judicial demand because the claim was based on an unliquidated account. Cited as authority for this contention is Pittman and Matheny v. Davidge (La.App.1st Cir. 1966writs refused) 189 So.2d 706, which was a suit based on quantum meruit and the court properly held that interest should be allowed from the date of judgment rather than judicial demand. However, where the suit is on a contract and the amount due is ascertainable under the terms of the contract, interest may be recovered from the date the debt becomes due, which in this case was prior to judicial demand. Since plaintiff only prayed for interest from date of judicial demand, the lower court properly awarded interest in this case from the date of such demand.
For the reasons assigned the judgment appealed from is amended to reduce the award from $5,576.39 to $2,086.90, and as thus amended it is affirmed. Cost of this appeal is assessed against appellee.