AYRES, Judge.
This is an action for an alleged balance of $767.34 due for extra materials over and above those originally contracted to be furnished by plaintiff to defendant for use in the construction of the latter’s residence.
After trial, the trial court concluded that plaintiff had contracted to furnish the additional materials for the sum of $349.29 and rendered judgment accordingly. Interest, however, was disallowed and plaintiff was assessed with cost. From the judgment thus rendered and signed, plaintiff prosecutes this appeal, which is limited to the disallowance of interest and the assessment of cost against it.
*368 The trial court found that plaintiff had entered into an oral contract with defendant to supply merchandise and services for a specified amount, that is, $1,327.60. Plaintiff billed defendant on August 24, 1970, for $1,358.50. The increase is accounted for by the fact that defendant broke a mirror, which was a part of the merchandise furnished under the contract, and had to purchase a new one from plaintiff. The defendant paid this bill on September 3, 1970.
Plaintiff contended that the additional merchandise was purchased on open account, but the court concluded it was found to be on an oral contract for merchandise and services. The oral contract with respect to the extras was entered into because defendant made a change in his plans. Plaintiff was notified of the change, and the required additional purchases aggregated $349.29. However, soon after the residence was completed, defendant was billed for $767.34 as the difference between the materials actually furnished and what had been paid for by the defendant. Contending that he owed only $349.29 for additional purchases, defendant refused to pay this bill.
The defendant contends that the dispute over the correct balance owed for extras over and above the contract price was occasioned entirely by the fault o'f plaintiff and that, since he, the defendant, had no way of determining the proper balance owed by him until the date of trial, the dis-allowance of interest by the trial court was proper.
The evidence was not transcribed. A written opinion filed in this cause was, however, accepted as a statement of the facts in lieu of a formal statement thereof. The' trial court pointed out that after the dispute arose as to what amount was due, plaintiff’s representative Edward M. Key was transferred from Shreveport to Memphis, whereupon Harry Morris was, in December, 1970, transferred from Memphis to Shreveport as plaintiff’s office manager. Both Key and Morris testified for plaintiff. The court found, however, that a written proposal prepared by Key to be sent to defendant was never mailed; that in making the proposal plaintiff used a standard estimate form usually used in the course of its business, upon which items and prices were entered and the bid proposal computed. This estimate form was at all times in the exclusive control and possession of the plaintiff until it disappeared. In a search of plaintiff’s office, it could not be located. In lieu thereof, plaintiff produced, in support of its contention, a handwritten memorandum prepared by Morris, but unconfirmed and unverified, which the court found of little probative value. On the whole, however, the court rejected plaintiff’s contention that the suit was on an open account, but found, as contended by defendant, that the extra materials, et cetera, were furnished under a verbal contract for a stipulated sum of $349.-■29.
From the record as made up before it, the trial court concluded that the dispute as to the amount owed was occasioned entirely by the fault of plaintiff and that, accordingly, it would be inequitable to require defendant to pay interest.
Plaintiff contends, however, that the allowance of interest on the judgment rendered in its favor is not discretionary but mandatory. Cited in support thereof is LSA-C.C.P. Art. 1921 which provides:
“The court shall award interest in the judgment as prayed for or as provided by law.”
Also cited was LSA-C.C. Art. 1938 which provides:
“All debts shall bear interest at the rate of seven per centum per annum from the time they become due, unless otherwise stipulated.”
*369 Plaintiff also relies upon the recent case of B. Segall Company, Inc. v. Trahan, 276 So.2d 340 (La.App., 2d Cir., 1973), wherein, at page 343, this court observed:
“ . . . where the suit is on a contract and the amount due is ascertainable under the terms of the contract, interest may be recovered from the date the debt becomes due . . . .”
Plaintiff also cites Jefferson Manufacturing Company v. Bayou Shoppe, 210 So.2d 912 (La.App., 2d Cir., 1968), wherein, at page 917, this court held that under the provisions of LSA-C.C. Art. 1938, in a case in which a sale was made on terms of net in 30 days, the interest would commence on the date the debt became due as shown by the purchase order. Cited by this court was Sobel v. R & D Distributors, Inc., 131 So.2d 570 (4th Cir., 1961), which concerned an action on an open account for merchandise sold and delivered in which the itemized statement showed terms of two percent for cash and net in 30 days. It was there held that interest was due from a date 30 days subsequent to delivery.
The terms stated on the second bill sent to defendant on October 30, 1970, were:
"CONTRACTS NET OTHER — 1% 10 DAYS — NET 30."
Plaintiff therefore argues that since the trial court found this to be a verbal contract, the interest should commence on November 10, 1970, or, in the alternative, if this court should find this to be a suit on an open account, interest should commence on November 29, 1970, 30 days after the billing date.
We are in accord, under the peculiar facts in this case as somewhat detailed above, with the trial court’s conclusion that defendant should not be assessed with interest until the amount owed was determined. That determination was only made on the day of trial. The amount awarded in principal has not been in dispute between the parties since that date. Therefore, it appears to us that it would be inequitable for defendant to be relieved of interest which accrued, or is accruing, since the date the amount of the indebtedness was determined. No controversy as to the amount existed thereafter, and the reasons for which defendant was not required to pay interest no longer existed.
The rules relied upon by plaintiff for the allowance of intérest are not to be so rigidly construed as to require such allowance under all facts and circumstances, such as shown to have existed in this instance.
With respect to the nonassessment of cost to defendant, it appears, under LSA-C.C.P. Art. 1920, that the trial court has some discretion in that respect. This article provides:
“Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
“Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.”
Under the circumstances shown to exist in this case, we find no abuse in the discretion exercised by the trial court in the assessment of cost. Since plaintiff has succeeded in . having the judgment modified in its intérest, the defendant will be assessed with the cost of the appeal.
For the reasons hereinabove assigned, the judgment appealed is amended by the allowance of interest on the principal award at the legal rate from date of judgment, that is, from March 19, 1973, until paid; and, as thus amended, the judgment appealed is affirmed.
Defendant is assessed with the cost of this appeal.
Amended and affirmed.