MORIAL, Judge.
Plaintiff instituted this suit against defendant pursuant to LSA-R.S. 23:631 and 632[1] to recover wages, penalties and attor *674 ney’s fees. After a trial on the merits the district court rendered judgment in favor of the plaintiff in the amount of $468.00 plus attorney’s fees of $300.00. Defendant appeals. We affirm.
The essential facts of this case are as follows: Plaintiff was employed by defendant as an iron worker at the rate of $4.50 per hour. He was paid weekly on each Friday for an eight (8) hour per day, forty (40) hour work week ending at the close of business on the preceding Wednesday. On the morning of Tuesday, October 16, 1973, plaintiff’s employment was terminated following his refusal to perform certain duties because of a work-related injury he sustained on the previous day. Shortly after his termination plaintiff went to the office of defendant and requested payment of wages for twenty-three (23) hours work. He was told by Helen Hoffnagel, an employee of the defendant that she was instructed by R. W. McGuffie, the owner of Bayou Fabricators & Erectors not to give him his check and that he could pick up his check on Friday, October 19, 1973 at 3:30 P.M. Plaintiff contacted defendant’s office on October 19, 1973 at about 4:00 P.M. about getting his check. He was told by Hoffnagel that it was too late for him to come to the office for his check. Plaintiff then contacted his attorney who called the office of defendant and was told that plaintiff could call for his check at defendant’s office on Saturday morning about 9:00 A.M. On Saturday morning, October 20, 1973 at about 9:00 A.M., plaintiff visited defendant’s office accompanied by another former employee of defendant, Joseph Slaughter, Jr. They were told that they would have to wait until McGuffie arrived. Plaintiff and Slaughter waited until around 12:00 o’clock noon when McGuffie arrived. Each requested his check. Slaughter was given his check by McGuffie who told plaintiff that his attorney could collect his money. On October 26, 1973 plaintiff filed this suit. Plaintiff received his check on October 29, 1973 though McGuffie testified that he mailed the check to plaintiff’s home address on the evening of October 19, 1973.
Defendant argues that: (1) plaintiff was employed at an hourly rate, and therefore, did not come within the purview of “ * * employment * * * by the day, week or month, * * * ”, as provided for in LSA-R.S. 23:631; and (2) under the circumstances it acted reasonably and in good faith and should not be subjected to statutory penalties and attorney’s fees. We cannot agree with either of defendant’s arguments.
The evidence is clear that the plaintiff was not employed for a job or for the duration of a certain project. He was paid an hourly rate based upon a weekly pay period; i. e., he was paid weekly for a forty hour (40) hour work week. See Colbert v. Mike-Baker Brick Co. of New Iberia, Inc., 326 So.2d 900 (La.App. 3 Cir. 1976).
The trial court concluded that the plaintiff personally demanded his pay the day his employment was terminated and again on October 20,1973, but did not actually receive his pay until October 29, 1973. The evidence amply supports these findings. A careful analysis of all of the facts leads us to the inescapable conclusion that defendant acted in bad faith and was not justified in delaying plaintiff’s receipt of his wages beyond the statutory period. We find that greater justice will be attained by the assessment of penalties. See Becker v. Choate, 204 So.2d 680 (La.App. 3 Cir. 1968).
For the foregoing reasons the judgment of the district court is affirmed.
AFFIRMED.

. LSA-R.S. 23:631 and 23:632 read as follows:
R.S. 23:631
“It shall be the duty of every person, employing laborers or other employees of any kind whatever when discharging any laborer or other employee, or when any such laborer or employee has resigned, within twenty-four hours after such discharge or resignation, to pay the laborer or employee the amount due under the terms of employment whether the employment is by the day, week or month, upon demand being made upon the employer by the discharged or resigned laborer or employee at the place where the employee or laborer is usually paid.”
R.S. 23:632
“Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety day’s wages at the employee’s daily rate of pay, or else for full wages from the time the employee’s demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorneys’ fees shall be allowed the laborer or employee by the court which *674 shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after twenty-four hours shall have elapsed from time of making the first demand following discharge or resignation.”