LANDRY, Judge.
Plaintiff (Appellant) appeals from judgment dismissing the action against defendant (Appellee) for penalties and attorney’s fees claimed pursuant to La.R.S. 23:631 and 23:632, which require payment of wages of a resigned or discharged employee within 24 hours of demand after resignation or discharge. The trial court held that Appellant does not fall within the ambit of the statute because Appellant’s employment was by the hour, not by the day, week or month as required.
Appellee is a painting contractor who hired Appellant as a painter at an hourly rate. Appellant was discharged and made demand for $438.00 due in unpaid wages. Appellant then filed this action claiming the unpaid wages, together with penalties and attorney’s fees. Judgment was rendered in favor of Appellant for the amount claimed but his demand for penalties and attorney’s fees was dismissed. Ap-pellee answered Appellant’s appeal but Ap-pellee has failed either to file a brief before this court or to be present at oral argument. Accordingly, the answer to the appeal is deemed abandoned. Uniform Rules Courts of Appeal, Rule VII, Section 5(b).
The operative facts relative to the issues of penalties and attorney’s fees are undisputed. Prior to July 10, 1976, Appellant was employed at an initial wage of $4.00 per hour, which was increased to $5.00 per hour on an undisclosed date. On July 10, 1976, Appellant’s pay was increased to $6.50 per hour and continued at that rate until July 22, 1976, when Appellant was discharged while being owed unpaid wages in the sum of $438.00. Although he was employed at an hourly rate, Appellant was paid each Friday for the number of hours worked during the week. The contract contemplated a normal work week of 40 hours —5 days, 8 hours each day. Appellant, however, did not work 40 hours each week. Due to illness (arthritis), weather conditions and availability of work, some weeks he worked less than 40 hours. Other times, however, he worked more than 40 hours a week when Appellee’s work requirements demanded overtime. Although Appellee generally paid his employees each Friday, occasionally pay day was delayed until the following Monday or Tuesday when Appel-lee was not timely paid by owners or contractors.
La.R.S. 23:631 and 23:632 provide:
§ 631.
“It shall be the duty of every person, employing laborers or other employees of any kind whatever when discharging any laborer or other employee, or when any such laborer or employee has resigned, within twenty-four hours after such discharge or resignation, to pay the laborer or employee the amount due under the terms of employment whether the employment is by the day, week or month, upon demand being made upon the employer by the discharged or resigned laborer or employee at the place where the employee or laborer is usually paid.”
§ 632.
“Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety day’s wages at the employee’s daily rate of pay, or else for full wages from the time the employee’s demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorneys’ fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in th.e event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after twenty-four hours shall have elapsed from time of making the first demand following discharge or resignation.”
*306 Statutes which are penal in nature must be strictly construed. This rule of construction applies to La. 23:631 and 23:632. Pittman v. Eyrand, 290 So.2d 800 (La.App. 4th Cir. 1974); Walter v. Clark, 143 So.2d 113 (La.App. 2d Cir. 1962).
Some conflict appears in the jurisprudence concerning whether Sections 631 and 632, above, apply to employees whose wages are set on an hourly basis but who are paid weekly. The conflict is based on the interpretation accorded the phrase “the employment is by the day, week or month” appearing in Section 631, above. •
Gatti v. Southern Research Company, Inc., 271 So .2d 376 (La.App. 2d Cir. 1972) held that an investigator employed at an hourly rate for the duration of a case did not come within the purview of Sections 631 and 632, above, because he was not paid by the day, week or month.
Dunn v. Bessie F. Hiern School, Inc., 209 So.2d 538 (La.App. 4th Cir. 1968) held that a school teacher employed for a nine month term, at an annual salary of $4,800.00 payable on a 12 month basis, was not covered by Sections 631 and 632, above.
Gros v. LeBlanc, 304 So.2d 49 (La.App. 1st Cir. 1974) held that a welder employed at an hourly rate and who had worked one week on a pipe line construction project, was employed by the hour for an indefinite term and was not within the ambit of Sections 631 and 632, above.
On the other hand, Colbert v. Mike-Baker Brick Co., Inc., 326 So.2d 900 (La.App. 3d Cir. 1976) held the statute applicable to a truck driver employed at an hourly rate with a weekly pay period. The court reasoned that the weekly pay intervals constituted employment by the week.
Similarly, Tuberville v. Foster, 113 So.2d 805 (La.App. 1st Cir. 1959) applied the statute to an hourly wage earner. In Tuber-ville, the court awarded only attorney’s fees because the casual nature of the employment did not provide a basis for awarding “full wages” as provided by Section 632, above, prior to its amendment in 1964. Nevertheless, Tuberville made the award without considering or discussing the limiting provision of La.R.S. 23:631.
Act 422 of 1964, Amended Section 632, to provide a penalty of “ninety days wages at the employee’s daily rate of pay, or else for full wages from the time the employee’s demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages”.
The 1964 amendment of Section 632, above, reducing penalties from full wages from time of demand to time of tender or payment, to ninety days wages at daily rate, or full wages from demand until tender or payment, whichever is lesser, establishes a formula which does not admit of an accurate calculation of penalties for a laborer such as Appellant. Appellant was not employed at a daily rate. He was employed by the hour. The hours he worked each day varied because of his illness, overtime requirements and layoffs due to lack of work between the employer’s jobs.
As pointed out by Appellant, anomalous results accompany a strict application of the statute. For example, penalties and attorney’s fees are due an employee employed at a weekly salary of $120.00 but are denied an employee hired at a wage of $3.00 per hour and working a 40 hour week, thus earning $120.00 weekly. Similarly the statute does not encompass laborers or employees hired on a bi-weekly or semi-monthly basis. Admittedly, we see no apparent basis for the distinction. Nevertheless, the statute must be strictly construed; it cannot be enlarged or liberalized by the courts, laudable though its intent may be. It must be enforced strictly as it appears.
We respectfully disagree with the reasoning in Tuberville and Colbert, above. We consider a strict interpretation of the term “employment by the day, week or month” to mean employment where wages or salary is based on a daily, weekly or monthly sum without any reference whatever to pay periods or pay intervals. An employee who is paid by the hour for what *307 ever hours he works, even though paid each week, does not fall within the scope of the statute.
The inequity that exists between employees paid by the hour and those included in the statute is a matter which addresses itself to the sound discretion of the legislature.
The judgment of the trial court is affirmed at Appellant’s cost.
Affirmed.