209 So.2d 538 (1968)
Peter A. DUNN
v.
BESSIE F. HIERN SCHOOL, INC.
Frank M. DENTON
v.
BESSIE F. HIERN SCHOOL, INC.
No. 3026.
Court of Appeal of Louisiana, Fourth Circuit.
April 8, 1968.
Rehearing Denied May 6, 1968.
Writ Refused June 21, 1968.
*539 David L. Herman, Herman & Herman, New Orleans, for Bessie F. Hiern School, Inc., defendant-appellant.
Gibson Tucker, Jr., Tucker & Schonekas, New Orleans, for Peter A. Dunn and Frank M. Denton, plaintiffs-appellants.
Before YARRUT, CHASEZ and BARNETTE, JJ.
CHASEZ, Judge.
In cause No. 92238 of the docket of the Twenty Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, Peter A. Dunn sued, as head and master of the community of acquets and gains existing between himself and his wife, Sonya Dunn, the defendant, Bessie F. Hiern School, Inc., endeavoring to recover the sum of $1,600.00 representing the salary due to his wife as the result of the defendant's breach of contract of employment, and an additional $1,200.00 as penalty for failure to pay her salary within twenty four hours after a written demand, as well as reasonable attorney's fees.
The defendant, Bessie F. Hiern School, Inc., answered and denied its liability to the plaintiff and further alleged that Mrs. Dunn who was hired to teach at defendant's school during the nine month term of years 1964-1965, at a salary of $4800.00 with payment to be made on a twelve month basis, was discharged for cause as she wrongfully accused one of the pupils of assaulting her and demanded the expulsion of the pupil from the school. After refusal of the school to comply with this demand it alleged that Mrs. Dunn failed to cooperate with the principal and other staff members and also solicited aid of her fellow teachers in order to force the expulsion of the student.
This case was consolidated with a similar suit arising out of the same circumstances in order to facilitate and expedite the trial thereof. The suit referred to is cause No. 92239 of the docket of the Twenty Fourth Judicial Court for the Parish of Jefferson, entitled Frank M. Denton vs Bessie F. Hiern School, Inc. In the Denton case, the plaintiff, Frank M. Denton, filed suit as head and master of the community of acquets and gains existing between himself and his wife, Elizabeth Corvin Denton, endeavoring to recover the sum of $1,400.00 representing the salary Mrs. Denton would have received but for the breach of her contract of employment by the defendant, Bessie F. Hiern School, Inc., and in addition he seeks the sum of $1,050.00 as penalty for failure to pay her salary within twenty four hours after a written demand therefor and reasonable attorney's fees.
The defendant, Bessie F. Hiern School, Inc., answered the petition filed by Denton and denied its liability alleging that Mrs. Denton who was hired to teach at defendant's school during the nine month term of years 1964-1965 at a salary of $3733.00, with payments to be made on a twelve month basis, was discharged for cause as she joined with Mrs. Dunn in attempting to compel the school to expel the pupil whom it alleged Mrs. Dunn had wrongfully accused of assaulting her; it further alleged because of the school's failure to comply with Mrs. Denton's demand that Mrs. Denton failed and refused to cooperate with its principal and staff members and joined with Mrs. Dunn in soliciting the aid of other staff members to force the school to expel the student. It further alleged that Frank M. Denton was indebted to the school for the sum of $86.20 representing the amount due for tuition of his two children, who attended the school until the end of the school year; *540 and it prayed that this sum be credited on any sum it might be cast in judgment to pay.
After a trial on the merits, the lower court, on the 23rd day of June, 1967 rendered separate judgments in favor of the plaintiff, Peter A. Dunn, in the amount of $1,600.00, with legal interest thereon from April 14, 1965 until paid and all costs of suit; and in favor of the plaintiff, Frank M. Denton, in the amount of $1,244.44, with legal interest thereon from April 14, 1965 until paid and all costs of suit, subject to a credit of $86.20. From these judgments, all parties have appealed.
The record reveals that Mrs. Sonya Dunn was employed by Bessie F. Hiern School, Inc., pursuant to a verbal contract, to teach during the school year of 1964-1965 at a salary of $4800.00 for a nine month period, payable on a twelve month basis, i.e. $400.00 per month. Mrs. Elizabeth Corvin Denton was also employed by the Bessie F. Hiern School, Inc., pursuant to a verbal contract, to teach at the same school during the school year of 1964-1965, at a salary of $3733.00 for a nine month period, said salary to be paid on a twelve month basis.
On or about April 14, 1965, both Mrs. Dunn and Mrs. Denton were advised by Mrs. Bessie F. Hiern, acting on behalf of the school, that they were discharged and were no longer to appear at the school to perform their teaching duties. On or about April 16, 1965, Mrs. Dunn and Mrs. Denton, acting with advice of counsel, advised the Bessie F. Hiern School, Inc., in writing that they were ready, willing and able to continue to perform their duties in accordance with their contracts with the school, and they demanded that their salaries be paid as agreed to in their contracts.
The evidence of plaintiffs indicate that on or about April 22, 1965 the defendant school tendered $555.12 to Mrs. Dunn as settlement of her claim, and tendered $499.39 to Mrs. Denton as a settlement of her claim. These sums were refused by both parties, and subsequently suits were filed to recover the balance they alleged to be due under the terms of their contracts plus the penalty and attorney's fees provided for in La.R.S. 23:631 and La.R.S. 23:632.
There is no dispute relative to the employment of Mrs. Dunn and Mrs. Denton, nor as to the terms of their contract of employment. The defendant also admits that the two teachers were discharged by the school and that they both made written demands for the salaries alleged to be due as a result of the breach of their contracts which the school refused to honor. The school plead the affirmative defense that the plaintiffs were discharged for cause and that it was not liable to them for any sums.
The issues before this court are: (1) whether Mrs. Dunn and Mrs. Denton were discharged for good cause, and (2) if they were discharged arbitrarily and without good cause, whether they are entitled to penalties and attorney's fees provided for in La.R.S. 23:631 and La.R.S. 23:632, or whether their sole remedy is that provided in Civil Code Article 2749.
The evidence introduced into the record is in conflict as to the precise circumstances provoking the discharge of Mrs. Dunn and Mrs. Denton. The answer of the defendant indicates that Mrs. Dunn was discharged because of her wrongful accusation that Daniel McQuaid, one of the sixth grade students, had assaulted her, which resulted in her insistence that he be expelled from the school. However, it alleged that after refusal to comply with her request, she then failed to cooperate with the principal and other staff members, and, in addition, she solicited the aid of staff members to force the boy's expulsion.
Both Mrs. Dunn and Mrs. Bessie F. Hiern, who was Head Mistress and President of the school, testified that there were two incidents involving Mrs. Dunn and Daniel McQuaid. Mrs. Dunn had a disciplinary problem with Daniel, and she referred the matter to Mrs. Hiern. Mrs. Dunn was apparently not satisfied with the *541 solution of the matter. She, Mrs. Hiern and Daniel met in one of the school's offices, where Mrs. Dunn in a loud tone accused Daniel of being a liar. Mrs. Hiern testified that difficulties arose after this incident, when Mrs. Dunn was called upon to teach or deal with Daniel, and she related that the second major incident occurred when Daniel was walking past Mrs. Dunn's classroom enroute to a telephone for the purpose of calling his mother. Mrs. Dunn grabbed the boy's arm, and because he was angry, upset and impetuous, he twisted his arm out of Mrs. Dunn's grasp and continued to the phone where he called his mother. Mrs. Hiern further testified that on her request, Daniel apologized to Mrs. Dunn for his actions, after which Mrs. Hiern considered the matter closed. However, she indicated that Mrs. Dunn did not consider the matter closed, and a staff meeting was called with the faculty present, including Mrs. Denton, who expressed her agreement with Mrs. Dunn that Daniel should be expelled or possibly suspended. Mrs. Hiern related that from that time on she had continuing difficulty with Mrs. Dunn and Mrs. Denton because of their rudeness and insubordination to her and their refusal to carry out the programs and duties required of them by the school.
Mrs. Dunn testified that she had called Daniel a liar and admitted that it might have been in a loud tone of voice. She again expressed her belief that Daniel is a liar. She then explained, with regard to the second incident with Daniel, that as she came from her classroom into the hall, she observed Daniel moving through the hallway toward her classroom in a disorderly, dangerous fashion, knocking other children against books which were on the wall. She explained that she put her hand out to slow him down and prevent his hurting other children moving in the opposite direction. When she grabbed his wrist, he became very angry and forcibly removed her arm from his and then proceeded down the hall. She said that she did not know whether Mrs. Hiern had observed this encounter as she had testified, but she did admit that Mrs. Hiern appeared on the scene immediately and agreed to take care of the matter. However, Mrs. Dunn expressed doubt that Mrs. Hiern would adequately take care of the situation indicating that in the previous incident with Daniel she had not properly handled that matter.
Mrs. Denton testified that she was not a witness to the incident with Daniel and Mrs. Dunn, and her first knowledge of it was at the staff meeting called by Mrs. Hiern to discuss the problem. At that meeting, Mrs. Denton expressed her opinion that she would have reacted exactly as Mrs. Dunn had reacted and that her actions would have been the same. She testified that Mrs. Hiern was not pleased with her remarks. She admitted that she had not followed Mrs. Hiern's instruction to teach folkdancing to the children on an occasion when Mrs. Hiern was out of town and the teachers requested that the dancing class be omitted at that time because they were all too busy. She denied the accusations of Mrs. Hiern that she had failed to give special instruction to Allen Oggs, a child who had begun the primer class late in the school year, and she stated that she could not remember making the remark that he was not of the proper family background to be in the Bessie F. Hiern School, Inc. She also admitted her indebtedness to the school for the sum of $86.20, which was tuition for her two children, who had attended the school.
A letter of recommendation written by Mrs. Hiern on behalf of Mrs. Dunn the month before the incident with Daniel was introduced into evidence. The letter expressed the opinion of Mrs. Hiern that Mrs. Dunn was a teacher of outstanding merit, who maintained an excellent rapport with parents and students, and handled disciplinary problems well. It also expressed the belief that Mrs. Dunn was highly capable of handling any teaching position in elementary grades and that her acceptance of a position elsewhere would be a distinct loss for the Hiern school.
*542 Concluding that the defendant school had failed in its burden to prove that the discharge of the two teachers was with just cause, particularly in view of the letter of recommendation of Mrs. Hiern on behalf of Mrs. Dunn, judgment was rendered in favor of the plaintiffs, Peter A. Dunn, for the sum of $1,600.00 together with legal interest from April 14, 1965 until paid, and in favor of Frank M. Denton for the sum of $1,244.44, together with legal interest thereon from April 14, 1965, until paid, subject to a credit of $86.20, and the defendant school was ordered to pay all costs.
The sums awarded represented the balance due on the salaries which Mrs. Dunn and Mrs. Denton would have earned during the school year had the contracts not been breached by the defendant. The court did not award the penalty and attorney's fees provided by La.R.S. 23:631 and La.R.S. 23:632, as it concluded that these statutes are not applicable to contracts of employment which are not "by the day, week or month." It held that the contracts involved herein do not fall within the purview of these Statutes. We agree with this conclusion. Article 2749 of the Civil Code provides:
"If, without any serious ground of complaint, a man should send away a laborer whose services he has hired for a certain time, before that time has expired, he shall be bound to pay to such laborer the whole of the salaries which he would have been entitled to receive, had the full term of his service arrived."
It is clear from an analysis of Article 2749 and the jurisprudence relative thereto[1] that Mrs. Dunn and Mrs. Denton have a remedy for breach of contract as they were discharged "without serious ground of complaint" prior to the termination of their contracts with the defendant. Therefore, the defendant is legally required to pay to them the salaries which they would have been entitled to had they been permitted to render services for the full term stipulated by the agreement.
Since the appeals in these matters were consolidated and tried in this court we shall dispose of both causes of action in this opinion.
Therefore, for the foregoing reasons the judgment of the court a quo dated June 23, 1967 in cause No. 92238 in favor of Peter A. Dunn against the Bessie F. Hiern School, Inc. for the sum of $1600.00, with legal interest thereon from April 14, 1965 until paid and costs, is affirmed.
The judgment of the court a quo dated June 23, 1967 in cause No. 92239 in favor of Frank M. Denton against the Bessie F. Hiern School, Inc. for the sum of $1244.44, together with legal interest thereon from April 14, 1965 until paid and costs, subject to a credit of $86.20, is affirmed. The defendant, Bessie F. Hiern School, Inc. to pay all costs of these proceedings.
Affirmed.
NOTES
[1] Laneuville v. Majestic Industrial Life Ins. Co., 223 La. 724, 66 So.2d 786 (1953); Branch v. Alexander, 231 La. 487, 91 So.2d 767 (1957).