271 So.2d 376 (1972)
Gene GATTI, Plaintiff-Appellant,
v.
SOUTHERN RESEARCH COMPANY, INC., et al., Defendants-Appellees.
No. 11972.
Court of Appeal of Louisiana, Second Circuit.
November 28, 1972.
Donald R. Miller, Shreveport, for plaintiff-appellant.
Johnston, Johnston & Thornton by James J. Thornton, Jr., Arthur R. Carmody, Jr., Shreveport, for Southern Research Co., Inc., Pernie Bailey Drilling Co., Louise Hopkins, and A. Harry Roberts, defendants-appellees.
Blanchard, Walker, O'Quin & Roberts by Wilton H. Williams, Jr., Shreveport, for Travelers Ins. Co., defendant-appellee.
Tucker, Martin, Holder, Jeter & Jackson by H. M. Holder, Shreveport, for H. L. Hunt and Penrod Drilling Co., defendants-appellees.
Before AYRES, BOLIN and HEARD, JJ.
AYRES, Judge.
This is an action by plaintiff against his alleged former employers for damages and for a continuing wage under LSA-R.S. 23:631-632.
The claim for damages was predicated upon a contempt of court conviction due to plaintiff's inattention to a subpoena. Plaintiff's failure to attend court was attributed by him to advice allegedly received from one of his employers to the effect that another had written the court with reference to plaintiff's being excused from such service.
Because plaintiff was not paid the alleged balance of his salary, he claimed a continuing wage under the provisions of the aforesaid statutes.
*377 After interrogatories were propounded to plaintiff and answers were filed thereto, defendants were granted a summary judgment dismissing plaintiff's action. From this judgment, plaintiff appealed.
Plaintiff contends, and so alleges, he was not only employed by Southern Research Company, Inc., but also by certain of its officers individually and by certain of Southern's clients, viz.: Pernie Bailey Drilling Company, Penrod Drilling Company, H. L. Hunt, and The Travelers Insurance Company, insurer of one or more of these concerns, to do certain investigative work and to obtain evidence with respect to labor union activities directed toward organizing oilfield workers in Southwest Louisiana into a union. Plaintiff shows that, while he was engaged in this employment, one Babineaux was shot and killed while he, Babineaux, was attempting to organize certain workers into a union.
Followed was a wrongful death action entitled "Arlene King Babineaux v. Pernie Bailey Drilling Company et al," filed in the Nineteenth Judicial District Court for the Parish of East Baton Rouge. Plaintiff alleges that he made certain investigations into the matter involved in that action, following which he was subpoenaed as a witness. Upon discussing his appearance in court with representatives of Southern Research Company, Inc., plaintiff was told not to appear as there was no need that he do so inasmuch as one Joe Oster, presumably of the Southern Research organization, had written a letter to the presiding judge.
Attendance in court in obedience to the summons was plaintiff's personal obligation. Compliance with the court's legal orders and summonses is a prerequisite to the orderly functioning of the court and the administration of justice. Responsibility for compliance in this case was upon plaintiff personally and individually, who, so far as this record discloses, never made a check to verify the information furnished him; nor did he, so far as the record shows, as much as inquire whether the letter had been answered and, if so, what reply was given.
The court issuing the subpoena is the only authority which can nullify the summons or release one served from compliance. In fact, the court had not rescinded the order. Plaintiff's failure to comply and attend court was, as already noted, his personal responsibility. Plaintiff feigns no ignorance of the law, which he is presumed to know, and which, as an investigator, it would be reasonably expected he actually knew. Plaintiff was without right to rely upon the representation made by a third person without authority to make it. His failure, in reality, could hardly be attributed to the defendants.
We find no merit in the claim for damages. Whatever damages were caused resulted from plaintiff's own neglect of duty.
The allegations of plaintiff's petition and the answers to the interrogatories do not bring his claim within the provisions of the so-called continuing wage statutes, LSA-R.S. 23:631 and 23:632. In response to inquiries, plaintiff stated that his wages were $4.00 to $4.50 per hour and the term of his employment was the length of the case, payment to be made by the tenth of the following month. The rate of plaintiff's pay was, as shown, indefinite, and the employment was not by the day, the week, or the month. Hence the statutes are inapplicable to the situation involved in this action.
Dunn v. Bessie F. Hiern School, Inc., 209 So.2d 538 (La.App., 4th Cir. 1968 writ refused).
Moreover, demand upon all defendants, as required by the statutes, was not made as a prerequisite and as a basis for a claim for a continuing wage.
The action of the court in sustaining motions for the summary judgment is, in our opinion, correct.
Accordingly, the judgment appealed is affirmed at plaintiff-appellant's costs.
Affirmed.