304 So.2d 49 (1974)
Norris GROS
v.
Medric LeBLANC and Alvin LeBlanc d/b/a LeBlanc Brothers.
No. 9928.
Court of Appeal of Louisiana, First Circuit.
October 14, 1974.
Rehearing Denied December 16, 1974.
Risley C. Triche and Jerome J. Barbera, III, Napoleonville, for appellants.
Felix H. Savoie, Jr., Napoleonville, and Philip J. McMahon, Houma, for plaintiff-appellee.
Dermot S. McGlinchey, New Orleans, for Wanda Petroleum Co.
Before LANDRY, BLANCHE and NEHRBASS, JJ.
BLANCHE, Judge.
Plaintiff-appellee, Norris Gros, was injured in an explosion and fire which occurred on April 23, 1971, while he was welding a pipeline operated by Wanda Petroleum Company in Houma, Louisiana. He had commenced work on April 19, 1971, and had earned a week's wages at the time of his injury. On July 1, 1971, demand for those wages was made by his counsel to LeBlanc Brothers, a partnership composed of Medric LeBlanc and Alvin LeBlanc, defendant-appellant. Thereafter on July 27, 1971, Gros filed a workmen's compensation suit against LeBlanc Brothers and their insurer, American Mutual Liability Insurance Company, asserting that Wanda was the true employer of Gros. One of the principal issues in that suit involved a determination of the employer of Gros.
*50 On October 8, 1971, the matter was resolved by judgment of the Twenty-third Judicial District Court for the Parish of Assumption, holding LeBlanc Brothers to be the general employer of Gros and Wanda Petroleum Company the special employer. After the judgment was rendered, no appeal was taken by either defendant and in due time the judgment became final.
Meanwhile on August 2, 1971, in the same court, after the institution of the workmen's compensation suit but before judgment thereon, the present suit was instituted by Gros against LeBlanc Brothers pursuant to the provisions of LSA-R.S. 23:631-23:632,[1] seeking to recover past due wages, penalties and attorney's fees. On November 19, 1973, which date was after the rendition of the judgment in the workmen's compensation suit, judgment was rendered for Gros against defendant LeBlanc Brothers for past due wages in the sum of $531, as well as $1,000 for attorney's fees.
From this judgment a devolutive appeal was taken, and only the following issues are considered by us, i. e., whether LeBlanc Brothers was the employer of Gros under R.S. 23:631-23:632 and whether Gros was entitled to penalties and attorney's fees under the provisions of said statutes.
LeBlanc Brothers is estopped from arguing that Gros is not their employee. The employee-employer status of Gros has already been determined by the trial court in a judgment which became final. To permit argument of that identical issue between the same parties, even though in another suit for a different demand, would simply be giving plaintiff "two bites at the apple." Louisiana jurisprudence has long recognized the doctrine of judicial estoppel. Recently in Broussard v. Broussard, 275 So.2d 410 (La.App. 3rd Cir. 1973), the Court could not find proper facts for a strict application of res judicata, but found that the question there presented had been determined in a prior suit even though the demands were not the same. After recognizing the requirement to apply LSA-C.C. Art. 2286[2] strictly as written, Judge Domengeaux, in writing for the Court observed:
"The same is not true, however, of judicial estoppel, as we believe it is applicable to the situation before us. In California Company v. Price, 234 La. 338, 99 So.2d 743, our Supreme Court held that the doctrine of judicial estoppel is recognized *51 in Louisiana, and used the following language in explaining its force and scope:
"It is the settled jurisprudence of this court that matters once determined by a court of competent jurisdiction, if the judgment has become final, can never again be called into question by the parties or their privies, though the judgment may have been erroneous and liable to certain reversal on appeal. [Citations omitted]
"Moreover, even if res judicata cannot be strictly applied the parties to this litigation are bound by judicial estoppel which extends to every material allegation or statement made on one side in the prior Price case and denied on the other which was determined in the course of the proceedings. [Citations omitted]'" (Broussard v. Broussard, 275 So.2d 410, 412)
Equally applicable to the case here is the language of Judge Sartain of this Court in Rayborn v. Rayborn, 246 So.2d 400, 407 (La.App. 1st Cir. 1971), writ refused, 258 La. 775, 247 So.2d 868:
"* * * Our jurisprudence has recognized that judicial estoppel can be invoked where a material allegation or statement is made in a prior suit by one litigant, denied by the other litigant, and determined in the course of the prior proceeding."
Penal statutes such as R.S. 23:631 and 23:632 ought to be strictly construed. Mitchell v. Fein, 281 So.2d 463 (La.App. 4th Cir. 1973), and Geer v. Nelson Dodge, Inc., 282 So.2d 794 (La.App. 3rd Cir. 1973).
R.S. 23:631 requires that employment be by the day, week or month before the employee is entitled to attorney's fees and penalties under R.S. 23:632. Reference to the wage sheet found in the record shows that Gros was paid by the hour. The testimony shows that he was employed to fill in for another employee, one St. Germaine, who was ill at the time. St. Germaine was employed on a job basis and paid by the hour until the job was completed at some uncertain time. LeBlanc Brothers was also earning a dollar per hour for every hour worked by St. Germaine. Accordingly, we find that Gros was not employed by the day, week or month but rather on a piece-work basis, to be paid by the hour to work only as the need of LeBlanc Brothers and Wanda Petroleum Company dictated.
In Gatti v. Southern Research Company, Inc., 271 So.2d 376 (La.App. 2nd Cir. 1972), the Court found that an employee's claim did not come within the statute, as his rate of pay by the hour was indefinite and his employment was for the length of the case and not by the day, week or month.
Terms of employment other than by the day, week or month have not been considered as being within the scope of the statute. In Dunn v. Bessie F. Hiern School, Inc., 209 So.2d 538 (La.App. 4th Cir. 1968), writ refused, 252 La. 469, 211 So.2d 331, the Court found that a school teacher with an employment contract for nine months, payment to be made over twelve months, was not employed by the day, week or month and, therefore, denied coverage under R.S. 23:631 and 23:632.
In Collins v. Joseph, 250 So.2d 796 (La. App. 4th Cir. 1971), Mrs. Collins contracted to conduct a certain number of interviews of persons in a market survey within a specified period of time at the rate of $1.75 per hour. She was found to be an independent contractor and denied coverage under the statute.
Employment by the hour and for an indeterminate length of time is not considered by us to be employment by the day, week or month, and, therefore, not protected under the statute. Gros' employment, not coming within the scope of the statute, requires a finding that he is not entitled to penalties and attorney's fees.
*52 For the above reasons, the judgment of the trial court is affirmed insofar as it awarded judgment in favor of the plaintiff, Norris Gros, and against the defendant, LeBlanc Brothers, in the sum of $531 for past due wages, together with interest thereon from date of judicial demand until paid. It is further ordered that said judgment insofar as it awarded plaintiff attorney's fees in the sum of $1,000 is reversed. All costs of these proceedings are to be paid by the defendant-appellant.
Affirmed in part, reversed in part and rendered.
NEHRBASS, Judge (dissenting).
I respectfully dissent. In my opinion my learned brothers of the majority have erred in refusing to grant continuing wages and attorney fees.
I am in complete agreement with the application of the doctrine of judicial estoppel and the finding that the plaintiff was an employee of the defendant.
The opinion of the majority holds that the plaintiff cannot recover because of the fact that he was employed by the hour rather than by "the day, week or month."
R.S. 23:631 provides as follows:
"It shall be the duty of every person, employing laborers or other employees of any kind whatever when discharging any laborer or other employee, or when any such laborer or employee has resigned, within twenty-four hours after such discharge or resignation to pay the laborer or employee the amount due under the terms of employment whether the employment is by the day, week or month, upon demand being made upon the employer by the discharged or resigned laborer or employee at the place where the employee or laborer is usually paid." (Emphasis supplied)
As may be seen, the statute refers to "laborers or employees of any kind whatever." The statute goes on to mention employment by the day, week or month. In my opinion, the reference to employment by the "day, week or month" is illustrative rather than exclusive. I reach this conclusion because the statute first refers to employees of "any kind whatever."
In reaching the opposite conclusion the majority relied principally on the decisions of Gatti v. Southern Research, Inc., 271 So.2d 376 (2nd Cir. 1972) and Dunn v. Bessie F. Hiern School, Inc., 209 So.2d 538 (4th Cir. 1968) Writ refused, 252 La. 469, 211 So.2d 331.
In the Dunn case, Mrs. Dunn was a teacher who had a teaching contract for the nine month school term at a salary of $4800.00 payable on a twelve month bases i. e. $400.00 per month. The evidence showed that she was discharged without cause and she filed suit to recover the unpaid portion of her salary together with penalties and attorney fees under R.S. 23:631 and 23:632. The court held that because of her contract these statutes did not apply and granted recovery under C.C. Art. 2749 which provides as follows:
"If, without any serious ground of complaint, a man should send away a laborer whose services he has hired for a certain time, before that time has expired, he shall be bound to pay to such laborer the whole of the salaries which he would have been entitled to receive, had the full term of his service arrived."
It is my opinion that C.C. Art. 2749 was applicable and it was unnecessary for the court to consider the question of employment "by the day, week or month."
In the Gatti case the court cites with approval the Dunn case and pointed out also that the rate of plaintiff's pay was indefinite. The court further pointed out that demand as required by the statute was not made which was sufficient reason for the refusal to apply the penalty statute.
In my opinion it was not necessary for the court in either of the above cases to limit the application of the statute to employees *53 who are employed "by the day, week or month."
It is common knowledge that many employees, including most in the construction trades, are paid on an hourly basis. Under the majority opinion these employees would not be afforded protection under the statute.
For example, if a man were employed at a rate of $3.00 per hour for a forty hour week and another employee for the same firm was employed at a weekly salary of $120.00 a week for a forty hour week and both were discharged under the majority's opinion the employees employed by the week would be entitled to the benefits of the statute and the other employee would not. Such a result would be incongruous and not, in my belief, in accord with the intention of the legislature.
In the case of Tuberville v. Foster, 113 So.2d 805 (La.App. 1st Cir. 1959) Judge (now Justice) Tate considered the applicability of R.S. 23:632. He found plaintiff had been employed at an agreed hourly wage to perform carpentering repairs on the defendant's house but had full discretion as to the number of hours (if any) he would work per day and the number of days (if any) he would work per week or month. The court applied the penalty provision of the statute even though the plaintiff was employed at an hourly rate and not "by the day, week or month." The court awarded attorney fees but did not award full wages on the grounds that the casual laborer in this particular case did not afford a sound basis by which to fix a rate of pay at which to assess penalty and wages.
In the situation here the plaintiff did not fix his time of employment, this was fixed by his employer as pointed out in the majority opinion.
For the foregoing reasons, I respectfully dissent from the majority's failure to award continuing wages and attorney fees.
NOTES
[1] LSA-R.S. 23:631 and 23:632 read as follows:

R.S. 23:631:
"It shall be the duty of every person, employing laborers or other employees of any kind whatever when discharging any laborer or other employee, or when any such laborer or employee has resigned, within twenty-four hours after such discharge or resignation, to pay the laborer or employee the amount due under the terms of employment whether the employment is by the day, week or month, upon demand being made upon the employer by the discharged or resigned laborer or employee at the place where the employee or laborer is usually paid." R.S. 23:632:
"Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety day's wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorneys' fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after twenty-four hours shall have elapsed from time of making the first demand following discharge or resignation. As amended Acts 1964, No. 422, Section 1."
[2] LSA-C.C. Art. 2286 reads as follows:

"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."