SARTAIN, Judge,
concurring.
I concur in the result reached by the majority. However, I do so for different reasons. As noted above, the majority has held that inasmuch as R.S. 23:631 and 632 are penal in nature, they are to be strictly construed and only those workers whose “employment is by the day, week or month,” fall within the purview of the subject statutes. I would have denied plaintiff’s recovery on the grounds that a justifiable dispute existed as to the amount of wages due him. The record reflects that a portion of the disputed wages centered around the amount of cash plaintiff received from a check drawn to the joint order of the parties and endorsed by each. Plaintiff contended that he only received $200.00 of the $350.00 and that the balance of $150.00 was given to another person. Further, plaintiff had on several previous occasions borrowed small amounts of cash from the defendant as an advance against future wages. Our courts have declined to impose the penalty provisions of the statutes where the employer had reasonable grounds to withhold the wages. Becker v. Choate, 204 So.2d 680 (La.App. 3rd Cir. 1967) and Colbert v. Mike-Baker Brick Co. of New Iberia, 326 So.2d 900 (La.App. 3rd Cir. 1976).
I do not subscribe to the blanket assertion that all workers hired by the hour, bi-weekly or semi-monthly are excluded from the provision of the statutes. Rather, I respectfully submit that the true test should be based on the arbitrary and capricious conduct of the employer in refusing to pay the wages due his former employee. Thus, where an employee has at the direction of his employer worked a designated number of hours at an agreed hourly rate, he should be afforded the same protection as those employees who work by the “day, week or month.” For a similar view, see the dissent in Gros v. LeBlanc, 304 So.2d 49 (La.App. 1st Cir. 1974).