GUIDRY, Judge.
Plaintiff sues to recover three weeks wages allegedly due under a four week contract of employment.
Plaintiff, Benham, was engaged by defendant, Guilbeaux, owner and operator of a night club known as the “Polynesian Room”, to provide music for the entertainment of his patrons. Under the contract, which was signed by Benham and Guil-beaux, the former was to provide a group of four (4) musicians, including himself. The contract was to run from August 19th through September 13, 1975. The contract provides that the musicians are engaged severally and each may enforce the agreement. The contract further provides for payment to the band weekly of the sum of $1300.00, which sum, according to the terms of the agreement, is to be distributed by the leader, on behalf of the employer, to the musicians, including himself, as indicated on the opposite side of the contract. The opposite side of the contract is not completed. Finally, the agreement provides for an *1064 award of 6% contractual interest plus attorney’s fees in the event resort to judicial proceedings is necessary for the enforcement of its provisions.
At the end of the first week Guilbeaux paid to Benham the sum of $1300.00 but then advised Benham that his services and that of the other musicians were no longer needed. This suit followed wherein Ben-ham seeks recovery of all wages due the band for the remaining three weeks, i. e., $3900.00; contractual interest plus attorney’s fees under the agreement; and, penalties and attorney’s fees under LSA-R.S. 23:631.
The trial court concluded that plaintiff was entitled to recover the sum of $2100.00 under the employment contract because Gu-ilbeaux terminated same without just cause; LSA-R.S. 23:631 was not applicable because Benham was not hired by the day, week or month but rather for a specified period, and in any event, he was admittedly paid all wages earned up to the time of his discharge; and, he was entitled to an award of $700.00 as attorney’s fees under the contract.
Defendant appealed. Plaintiff has answered the appeal and seeks an increase in the principal amount of the award as well as an increase in attorney’s fees.
The principal issue on appeal is whether defendant was justified in terminating the employment contract. The trial judge resolved this factual issue adverse to defendant and stated:
“In this case, while there’s some testimony that Mr. Benham has taken excessive breaks, and he drank a lot, really what I find here is simply that Mr. Guilbeaux was dissatisfied with Mr. Benham’s music, because Mr. Guilbeaux’s customers didn’t like the type of music Mr. Benham was playing . . . There has been no showing here that the type of music that the plaintiff played was not quality music. And to say that an owner can get out of a contract simply because he found that the type of music did not satisfy his customers, in this Court’s view is not enough to permit him to breach the contract . . . ”
Appellant suggests that the trial court erred as a matter of law in making this finding and cites in support of such contention the case of Lee v. Blackwell, 286 So.2d 185 (La.App. 4th Cir. 1973). In Lee, the trial court resolved the factual dispute favorable to the proprietor finding that the entertainer whose employment was terminated drank excessively, did not have an adequate repertoire, and treated the patrons with disrespect. We have no quarrel with the holding in Lee but find it clearly inapposite to the facts of this case as found by the trial judge.
LSA-C.C. Article 2749 provides:
“If, without any serious ground of complaint, a man should send away a laborer whose services he has hired for a certain time, before that time has expired, he shall be bound to pay to such laborer the whole of the salaries which he would have been entitled to receive, had the full term of his services arrived.”
The trial court determined that plaintiff’s employment was terminated by defendant without any serious ground of complaint. We will not disturb this conclusion on appeal finding a reasonable basis in the record to support same. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
We next consider the amount awarded by the trial court. Plaintiff contends that he paid the other three musicians employed by Defendant for the remaining three weeks of employment and therefore the trial court erred in not awarding him judgment for the full contractual amount, i. e., $3900.00.
There is no evidence in the record indicating that plaintiff actually paid the other three musicians their wages other than his unsupported statement to that effect. The trial court concluded that plaintiff failed to support his demand with proper and sufficient proof. We find no error in this conclusion.
We do find error, however, in the amount awarded Mr. Benham. As afore-stated, the trial court awarded plaintiff *1065 judgment for the principal sum of $2100.00 and in doing so assumed, without benefit of any competent evidence, that Benham had agreed to pay the other three musicians $200.00 weekly, and that he was to receive $700.00 weekly. In this connection, the trial court stated:
“But the court has to make some decision in this matter and I will, for purposes of this record, assume that Mr. Benham paid the other three gentlemen Two Hundred Dollars a week each, and in addition paid their expenses, which means that Mr. Benham would be entitled to recover Seven Hundred Dollars per week for a total of three weeks . . . ”
Decisions cannot be based on mere assumption of facts. Bates v. Monzingo, 221 La. 479, 59 So.2d 693.
There is no competent evidence in the record concerning the exact amount each musician, including Benham, was to be paid out of the $1300.00 which the band was to receive weekly. The contract, by its terms, provides that Benham was to distribute the total received weekly to the musicians, including himself, in the amounts indicated on the opposite side of the agreement. The reverse side of the contract was left blank. Under these circumstances, we conclude that each musician was entitled to sue for and recover one-fourth of the amount which defendant agreed to pay the band weekly, i. e., $325.00 per week. Therefore, we will amend the lower court judgment to reduce the principal amount of the award to $975.00.
We find no error in the trial court’s refusal to allow plaintiff penalties and attorney’s fees under LSA-R.S. 23:631 et seq. The cited statute is clearly inapplicable to the instant controversy.
Finally, we conclude that the amount awarded plaintiff as attorney’s fees under the contract is adequate and will reasonably compensate plaintiff’s attorney for services on the trial level as well as on appeal.
For the above and foregoing reasons the judgment of the trial court is amended so as to reduce the principal amount of the award from $2100.00[1] to $975.00. In all other respects the judgment appealed from is affirmed. Costs of this appeal are to be borne by defendant-appellant.
AMENDED AND AFFIRMED.
WATSON, J., dissents and assigns written reasons.
FORET, J., dissents.

. The judgment reads “Twenty-One Thousand and no/100 ($2100.00) Dollars”, but the reasons for judgment indicate $2100.00 is the correct amount. We need not classify the defect as one of form or substance as we amend the judgment as to the principal sum to be awarded.