PRICE, Judge.
The plaintiffs in this case are two carpenters who performed remodeling and renovation work on the interior of a house for defendant.
Plaintiffs sued for the sum of $1,700 based on allegations that defendant owed each the sum of $8.00 per hour for a total of 104V2 hours, plus $28.00 for material furnished. Plaintiffs also seek penalties in the *788 sum of $1,440 under La.R.S. 23:632. Defendant’s answer admits the employment, but contends plaintiffs were not to be paid until completion of the job, and that plaintiffs abandoned the work and refused to return. Defendant reconvened for damages in the sum of $10,000 for plaintiff’s alleged faulty and inferior work.
The trial court in written reasons for judgment found plaintiffs were hired by the hour to do work for defendant in the renovation of the old house; that the work was performed under the supervision of defendant who visited the job several times daily; and that had the quality of the work been inferior and unsatisfactory to defendant, she could have terminated the plaintiffs’ employment at any time.
The court therefore held there was no justification in defendant’s refusing to pay the wages owed plaintiffs when they refused to continue working for defendant following a disagreement.
Judgment was rendered for plaintiffs in the amount sued for, $1,700, less a credit of $250 for accidental damage to a bathroom fixture admittedly caused by plaintiffs. Defendant’s reconventional demand for damages was rejected. The court also awarded penalties in the sum of $1,440 as prayed for.
The record supports the findings of the trial judge, and we affirm the judgment for the reasons assigned by the trial court which are adopted as the findings of this court.
The record shows that the house which was being remodeled by defendant, a realtor, was an old house in very poor condition. Plaintiffs performed some work on the house for defendant in March 1977 for which they were paid $928. She requested their return to do more work in June and July which is the work for which wages are claimed in this suit.
While defendant testified that she was dissatisfied with numerous phases of the work performed by plaintiffs, a review of the list of work actually done by them, which was prepared by plaintiff, Dilley, shows that defendant’s complaints were directed at only a minor portion of the work performed. Defendant’s complaints related more to work yet to be completed which probably would have been finished' had plaintiffs remained on the job.
The testimony of another carpenter who completed most of the renovation work after plaintiffs left the job shows that none of the $450 paid to him was to correct work previously done by plaintiffs.
Defendant has not shown that plaintiffs breached any contractual agreement to perform a defined amount of work or that the work actually done by them was below the standard of workmanship reasonably to be expected in view of the condition of the residence.
The trial court awarded penalties under La.R.S. 23:631-632 on finding the defendant was not in good faith in refusing to pay within twenty-four hours of the time the wages were demanded of her. The court rejected plaintiffs’ claim for attorney fees because there was no prayer for this relief. Plaintiffs have not answered the appeal asking for any modification or increase in the judgment.
Defendant contends the penalty provision of La.R.S. 23:631[1] does not apply because plaintiffs were employed by the hour rather by the day, week, or month as the statute then in effect required. (La. R.S. 23:631 was amended by Act 317 of 1977 to clarify this ambiguity created by several court decisions.) We recognize the decisions in Gros v. Leblanc, 304 So.2d 49 (La. App. 1st Cir. 1974) and Gatti v. Southern *789 Research Company, Inc., 271 So.2d 376 (La. App. 2d Cir. 1972) have adopted such an interpretation. We disagree with the interpretation placed on the statute in those decisions, however, and find the more logical construction is that set forth in the dissent to the majority view in Gros v. Leblanc, supra, as follows:
As may be seen, the statute refers to “laborers or employees of any kind whatever.” The statute goes on to mention employment by the day, week or month. In my opinion, the reference to employment by the “day, week or month” is illustrative rather than exclusive. I reach this conclusion because the statute first refers to employees of “any kind whatever.”
In reaching the opposite conclusion the majority relied principally on the decisions of Gatti v. Southern Research, Inc., 271 So.2d 376 (2nd Cir. 1972) and Dunn v. Bessie F. Hiern School, Inc., 209 So.2d 538 (4th Cir. 1968) Writ refused, 252 La. 469, 211 So.2d 331.
******
In my opinion it was not necessary for the court in either of the above cases to limit the application of the statute to employees who are employed “by the day, week or month.”
It is common knowledge that many employees, including most in the construction trades, are paid on an hourly basis. Under the majority opinion these employees would not be afforded protection under the statute.
We conclude the employment at an hourly rate of pay does not preclude plaintiffs from the protection of the statute.
Defendant makes no assignment of error in regard to the computation of the penalties by the trial court.
For the foregoing reasons the judgment is affirmed at appellant’s cost.

. La.R.S. 23:631
It shall be the duty of every person, employing laborers or other employees of any kind whatever when discharging any laborer or other employee, or when any such laborer or employee has resigned, within twenty-four hours after such discharge or resignation, to pay the laborer or employee the amount due under the terms of employment whether the employment is by the day, week or month, upon demand being made upon the employer by the discharge or resigned laborer or employee at the place where the employee or laborer is usually paid.