424 So.2d 1246 (1982)
Joseph ALEXANDER, et al., Plaintiffs & Appellants,
v.
AMERICAN FOOD MANAGEMENT, INC., Defendant & Appellee.
No. 82-430.
Court of Appeal of Louisiana, Third Circuit.
December 22, 1982.
*1247 Floyd J. Falcon, Jr., and Daniel L. Avant, Baton Rouge, for plaintiffs & appellants.
Roy & Hattan, L. Lane Roy, Lafayette, for defendant & appellee.
Before CULPEPPER, DOUCET and YELVERTON, JJ.
CULPEPPER, Judge.
This is a suit by 62 employees of defendant, American Food Management, Inc., for past due wages consisting of paid vacation and other fringe benefits. Plaintiffs seek statutory penalties and attorney's fees under LSA-R.S. 23:631 and 23:632. The trial court held that the employees were entitled to their vacation time and fringe benefits but that they were not entitled to statutory penalties and attorney's fees. We affirm.
American Food Management, Inc. was under contract with the University of Southwestern Louisiana to provide food services on its campus in Lafayette, Louisiana from August, 1980 to August, 1981. In carrying out its contract with the university, American Food was responsible for the hiring and supervision of all necessary employees. Pursuant to this responsibility, American Food hired all 62 of the plaintiffs.
It is undisputed that all of the plaintiffs were hired for one semester's work at a time. Each of the plaintiff employees was paid at an hourly rate. It is not clear from the record whether they were paid weekly or monthly. It is also undisputed that each of the employees was entitled to certain vacation time. If in fact the individual chose not to take vacation time, he or she was then entitled to be paid for unused vacation time.
The testimony both by representatives of American Food and the union which represented the 62 employees reveals that plaintiffs were in fact paid their vacation benefits at the termination of the fall semester. This dispute arises out of the payments of benefits for the spring semester. Despite demand by the union representative for the workers that payments be made with the last paycheck for the spring semester, the defendant company did not comply.
The plaintiffs completed work for the spring semester on May 13, 1981. Letters of demand were sent to the defendant company or its attorney on June 3 and June 30, 1981. Vacation benefit payments were mailed to the office in the university in which the individuals normally picked up their pay at different dates. For those employees who did not work the summer semester, their vacation benefit checks were mailed by the defendant on June 12, 1981. If the employees did work the summer semester, then their vacation checks were mailed July 10 and August 10. Although it is not clear from the record, it can be reasonably inferred that the payment mailed on July 10 was for the vacation benefits due for the spring semester and that on August 10 for that due for the *1248 summer semester. The record also reveals that 30 of the plaintiffs did work the summer semester. Suit in this matter was filed June 17, 1980.
The sole issue is whether these employees fall within the purview of LSA-R.S. 23:631 and 23:632 which provide in pertinent part as follows:
"§ 631. Discharge or resignation of employees; payment within three days after termination of employment
A. Upon the discharge or resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, not later than three days following the date of discharge or resignation. Said payment shall be made at the place and in the manner which has been customary during the employment, except that payment may be made via United States mail to the laborer or other employee, provided postage has been prepaid and the envelope properly addressed with the employee's or laborer's current address as shown in the employer's records."
"§ 632. Liability of employer for failure to pay; attorneys' fees
Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation. Amended by Acts 1964, No. 422, § 1; Acts 1977, No. 317, § 1."
There is no dispute that the vacation benefits fall within the term "wages" as envisioned in the statute. The decisive issue is whether the plaintiffs were employed by the hour, day, week or month, for an indefinite time, and were discharged or resigned as required by the statute. The trial judge held they were not. We agree.
The Third Circuit has interpreted these statutes in the case of Benham v. Guilbeaux, 356 So.2d 1062 (La.App. 3rd Cir. 1978), writ denied 358 So.2d 642, as being inapplicable to those employees who are employed for a specified period of time. Such employees, the case holds, are not employees "hired by the day, week or month" within the meaning of R.S. 23:631. The Benham case was a suit by a band member whose band had been hired by a local bar to play for three weeks at a weekly rate of pay.
This reasoning has been followed in all the other circuits as well. In the case of Dunn v. Bessie F. Hiern School, Inc., 209 So.2d 538 (La.App. 4th Cir.1968), LSA-R.S. 23:631 was held inapplicable to a school teacher who was hired for nine months but who was paid at a monthly rate for 12 months. As in the Benham case, the Fourth Circuit held that such a contract of hire was not employment "by the day, week or month" as contemplated by LSA-R.S. 23:631.
The Second Circuit reached an identical conclusion in Gatti v. Southern Research Company, Inc., 271 So.2d 376 (La.App. 2d Cir.1972). In that case the plaintiff was employed as an investigator for a detective company at the rate of $4 to $4.50 per hour. Although he was paid an hourly rate, the term of employment was the length of each case to which he was assigned. Payment was made to him on a regular basis by the 10th of the following month. The court determined that because his contract was for a specified period that he was not an employee within the meaning of LSA-R.S. 23:631.
*1249 The First Circuit dealt with the same issue in the case of Gros v. LeBlanc, 304 So.2d 49 (La.App. 1st Cir.1974). That case involved an oil field worker who was hired to fill in while another employee was ill. The employee who was ill was employed on a job by job basis and was paid by the hour until the job was completed at some uncertain time. The court held that this type of piece-work basis did not constitute employment within the meaning of LSA-R.S. 23:631, and therefore the plaintiff was not entitled to penalties and attorney's fees in his suit to recover past due wages. The court cites the Gatti and Dunn cases, supra, as authority.
Thus, all circuits have uniformly held that where the contract of employment is for a specified period of time and not indefinitely, the employee does not fall within the purview of LSA-R.S. 23:631 and is therefore not entitled to penalties and attorney's fees in a suit to recover past due wages.
The Supreme Court discusses the Gatti, Dunn and Gros cases in Mason v. Norton, 360 So.2d 178 (La.1978). The Mason case involved the issue of whether an employee who was paid by the hour fell within the statute. The Supreme Court held that such an employee did, even though the statute stated "day, week or month," at the time. However, the court distinguishes the Gatti, Dunn and Gros cases and states that the results obtained in these cases are not erroneous even though the Court of Appeal had relied erroneously upon these cases as authority for its holding that the plaintiff in Mason was not entitled to penalties and attorney's fees.
In the case at bar, the testimony was undisputed that the food service workers were employed on a semester by semester basis. They got off at Christmas vacations and all semester breaks and were not paid during these periods of time. Additionally, they were given the opportunity to sign up for the summer semester if they so desired. A representative of American Food Manager, Inc. stated that the employees could also be called out during the summer on a seniority basis if in fact additional help was needed. We find as a matter of fact that the employees were hired for a specified time on a semester by semester basis. Under the above cited jurisprudence, we hold as a matter of law that the 62 plaintiffs in this case were not employees within the meaning of LSA-R.S. 23:631 and are therefore not entitled to penalties and attorney's fees under 23:632.
For the reasons assigned, the judgment of the trial court is affirmed. All costs of this appeal are assessed against the plaintiffs-appellants.
AFFIRMED.