LeBLANC, Judge.
This appeal involves a suit to recover past due wages, statutory penalties and attorney fees pursuant to La.R.S. 23:631 et *1185 seq. Plaintiff-appellant, Kirby J. Guidry, appeals a judgment of the trial court which dismissed his petition with prejudice for failure to state a cause of action.
Plaintiff filed suit against defendants, Anderson-Dunham, Inc., and Bayou Rentals, Inc., alleging that defendants employed him as general manager pursuant to a written employment contract for a five year term which began on March 30, 1988. Plaintiff contends that he was terminated from his employment as general manager of the defendant corporations on April 15, 1991. Plaintiff alleges that according to the terms of the employment contract, he was being paid a monthly base salary of $7000.00 at the time of his termination, with the monthly salary being due and payable on a semi-monthly basis. In addition to the monthly salary, plaintiff alleged he was entitled to receive 20% of the net income before taxes of the defendant corporations. Plaintiff also claims the terms of the contract establish that the parties intended that plaintiff would receive a minimum salary of $100,000.00 per year or $8,333.33 per month. Based on the provisions of the employment contract, plaintiff alleges that he was due $18,000.00 in back wages and $4,646.44 for earned vacation pay from the defendants at the time of his termination. Plaintiff further alleges that oral and written demand for payment was made on defendants to no avail. Plaintiff asserts that more than three days have elapsed since his discharge and defendants have arbitrarily and capriciously failed to pay the amounts past due under the terms of his employment contract.
In response to plaintiffs petition, defendants filed the peremptory exception raising the objection of no cause of action, contending that La.R.S. 23:631 et seq. does not apply to employees who are employed for a specific period of time. The trial court granted the exception and dismissed plaintiff’s action with prejudice.
Plaintiff appeals the trial court’s judgment contending that his allegations do set forth a cause of action based on La.R.S. 23:631 and 23:632. Specifically, plaintiff contends that these statutes do apply to employment for a specific period of time where the employee is paid pursuant to a regular or specified pay period. We agree.[1]
La.R.S. 23:631 A provides, in pertinent part:
Upon the discharge or resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, not later than. three days following the date of discharge or resignation.
In the event that an employer fails or refuses to comply with La.R.S. 23:631, the employer shall be liable to the employee for penalties and attorneys’ fees as provided in La.R.S. 23:632.
La.R.S. 23:631 refers to “any laborer or other employee of any kind whatever”. We find this language sufficiently broad to include an employee who is hired under an employment contract with a fixed term of five years and is paid on a semi-monthly basis.
We note that the phrase which provides for application of the statute “whether the employment is by the hour, day, week, or month” has been interpreted to describe the pay period rather than the method of calculating pay or the rate of pay. Mason v. Norton, 360 So.2d 178 (La.1978); Pearce v. Austin, 465 So.2d 868 (La.App. 2d Cir.1985). Also, this phrase has been found to be illustrative rather than exclusive. Id. Thus, even though the statute does not specifically refer to employees who are paid on a semi-monthly basis, we conclude that the statute is applicable to such an employee.
*1186 Although appellees argue that La.R.S. 23:631 and 23:632 are not intended to apply to employment for a specific term, we are unpersuaded by this argument. The statutory language does not support such a restrictive interpretation. Furthermore, ap-pellees’ interpretation of the statute does not advance any sound public policy. Clearly, La.R.S. 23:631 and 23:632 were enacted with a broad purpose in mind; i.e., to assure the prompt payment of wages upon an employee’s discharge or resignation. Mason, 360 So.2d at 180. This policy applies as strongly to those employees who are employed for a specific term with a regular or specific pay period as to those employees who are not employed for a specified period of time.
Although we recognize that the employee who is terminated from employment for a specific term may also assert claims against the employer for breach of contract, we do not find that this circumstance lessens the need for prompt payment of wages that are due to the employee at the time of termination. Thus, we conclude that La.R.S. 23:631 and 23:632 do afford a cause of action to plaintiff based on the facts alleged in his petition. See, Robledo v. Orr Motors of Louisiana, Inc., 582 So.2d 892 (La.App. 2d Cir.1991), wherein the court awarded damages for breach of contract, penalty wages and attorneys’ fees to the terminated employee who was found to have been employed for a six-month term.[2]
For the above reasons, we reverse the judgment of the trial court and remand this matter for further proceedings not inconsistent with the views expressed herein. Appellees are to pay all costs of this appeal.
REVERSED AND REMANDED.

. In oral reasons for judgment, the trial court stated that La.R.S. 23:631 et seq. was not intended “to cover highly skilled, hundred thousand dollar a year jobs such as Mr. Kirby Guidry had.” Appellant’s first assignment of error asserts that the trial court erred in reaching this conclusion. In their appellate brief, appellees concede that La.R.S. 23:631 et seq. does apply to a highly skilled, highly paid worker. Thus, we need only address the remaining issue, i.e., whether La.R.S. 23:631 applies to employment for a specific term.

. We note that Alexander v. American Food Management, 424 So.2d 1246 (La.App. 3d Cir.1982) and Dunn v. Bessie F. Hiern School, Inc., 209 So.2d 538 (La.App. 4th Cir.), writ denied, 252 La. 469, 211 So.2d 331 (1968) support appel-lee's argument that La.R.S. 23:631 and 23:632 do not apply to employment for a specified period of time. However, we do not agree with the reasoning of the Alexander and Dunn cases and decline to follow them.