822 So.2d 56 (2002)
Brian R. BECHT
v.
MORGAN BUILDINGS & SPAS, INC.
No. 2001 CA 1091.
Court of Appeal of Louisiana, First Circuit.
June 21, 2002.
*57 Chad F. Reynolds, Baton Rouge, for PlaintiffAppellee Brian R. Becht.
Murphy J. Foster, III, Jude C. Bursavich, John T. Andrishok, Baton Rouge, for DefendantAppellant Morgan Buildings & Spas, Inc.
Before: WHIPPLE, FOGG, and GUIDRY, JJ.
FOGG, J.
In this suit for unpaid wages, both the employer and the former employee appeal, asserting error in the trial court's award of penalties and attorney's fees. For the following reasons, we amend the judgment of the trial court and affirm, as amended.
On September 7, 1998, Brian R. Becht voluntarily resigned from his sales position with Morgan Buildings & Spas, Inc. Subsequently, Becht demanded his unpaid wages, Morgan failed to remit payment, and Becht filed suit. Morgan answered the suit, seeking attorney's fees pursuant to a contract of employment it had with Becht. The parties stipulated that $41.15 in commissions remained unpaid and submitted the matter. The trial court awarded Becht $8,913.60 in penalty wages and $4,247.48 in attorney's fees, in accordance with LSA-R.S. 23:631 et seq. Morgan appealed, and Becht answered the appeal.
Louisiana Revised Statute 23:631 imposes a duty on an employer, upon discharge or resignation of any employee, to pay the employee the amount then due, under the terms of the employment, not later than fifteen days following the date of discharge or resignation. An employer who fails or refuses to comply with the provisions of LSA-R.S. 23:631 shall be liable to the employee *58 either for ninety days' wages at the employee's daily rate of pay, or full wages from the time of the employee's demand for payment until the employer tenders the amount of unpaid wages due to the employee, whichever is the lesser amount of penalty wages. LSA-R.S. 23:632.
This statute is penal in nature and, therefore, must be strictly construed. Equitable defenses are available, and penalty wages are not to be absolutely imposed. Pace v. Parker Drilling Co. and Subsidiaries, 382 So.2d 988 (La.App. 1 Cir.), writ denied, 383 So.2d 1016 (La. 1980). Generally, when there is a good faith question of whether the employer actually owes past due wages, resistance to payment will not trigger penalty wages. However, when the employer is arbitrary, sets out procedural pitfalls for the employee, or is merely negligent in failing to pay past due wages, penalty wages will be assessed. Pace, 382 So.2d at 991. A trial court's findings of fact with regard to whether the plaintiff is entitled to penalty wages cannot be reversed on appeal in the absence of manifest error. Loup v. Louisiana State Sch. for the Deaf, 98-0329 (La.App. 1 Cir. 2/19/99), 729 So.2d 689.
Initially, Morgan asserts that this matter is governed by the terms of an employment contract that provided "final commissions, if any, will be paid within forty-five (45) days of the end of the month during which the salesperson terminated," rather than LSA-R.S. 23:631, which strictly requires the payment of wages not later than fifteen days following discharge or resignation. We disagree.
Persons may not by their juridical acts derogate from laws enacted for the protection of the public interest. Any act in derogation of such laws is an absolute nullity. LSA-C.C. art. 7; Morse v. J. Ray McDermott & Co., Inc., 344 So.2d 1353 (La.1976). The provisions of LSA-R.S. 23:631 and 632 are for the protection of employees. See Guidry v. Anderson-Dunham, Inc., 597 So.2d 1184 (La.App. 1 Cir.1992). The main purpose of this legislation is to compel an employer to pay the earned wages of an employee promptly after his dismissal or resignation. Wilson v. Inessa Stewart's Antiques, Inc., 96-2767 (La.App. 1 Cir 2/20/98), 708 So.2d 1132, writ denied, 98-0777 (La.5/8/98), 718 So.2d 435. Even those employed under a collective bargaining agreement are protected by these statutory provisions. LSA-R.S. 23:640. Clearly, prompt payment of wages to employees protects the public interest. Therefore, Morgan cannot rely on contract terms in direct violation of this well-established Louisiana law. See Beard v. Summit Inst. for Pulmonary Med. and Rehab., Inc., 97-1784 (La.3/4/98), 707 So.2d 1233.
The failure to pay Becht his earned wages within fifteen days of resignation exposed Morgan to penalty wages pursuant to LSA-R.S. 23:632. Morgan has offered no evidence of a good faith defense. Therefore, the trial court's imposition of penalty wages was not manifestly erroneous.[1]
Morgan also asserts that the trial court erred in failing to award it attorney's fees as provided by the employment contract. It is undisputed that Becht and Morgan entered into an employment contract that provided:
In the event the Employee in any manner defaults or breaches the terms *59 and conditions of this Agreement, or threatens to do same, or in the event it becomes necessary for Morgan to employ an attorney to enforce any provision of this Agreement, obtain injunctive relief, or collect damages on account of a breach or a threatened breach of this Agreement, Employee shall pay to Morgan such disbursements as Morgan may expend in such proceedings.
Absent from the record is any evidence of "disbursements" by Morgan. Therefore, the trial court did not err in failing to award Morgan attorney's fees.
In his answer to the appeal, Becht seeks to increase the award to include commissions he allegedly earned prior to resignation, including the sum of $41.15 that remained unpaid according to the stipulation of the parties. The employment contract provided that upon termination, Becht was entitled to "the compensation earned by him prior to the date of termination computed in accordance with Exhibit `B' [HOW SALES COMMISSIONS ARE PAID]." Section D of Exhibit B provided:
[a] terminated sales person will not receive any percentage commissions on sales or deliveries made by the Store during the pay period in which the termination occurs. The terminated salesperson who made the sale will receive his or her 75% share of the Store's Commissions on those sales made prior to termination if the product has been DELIVERED, ACCEPTED, [sic] by the customer AND the account has been PAID IN FULL prior to the end of the last business day during which he or she was at work.
The record reveals Becht had ten sales wherein the product was not delivered or for which full payment was not received until after his resignation. Based on the terms of the employment contract, Morgan did not pay Becht commissions on these sales.
Becht asserts the provision limiting commissions to sales wherein the product was delivered, accepted by the customer, and paid in full by the day of resignation constitutes a prohibited forfeiture of wages under LSA-R.S. 23:634. That legislation strictly forbids an employer from requiring an employee to forfeit his wages upon resignation and provides that the employee shall be entitled to the wages "actually earned" up to the time of their resignation.
When commission sales are at issue, the inquiry of whether a wage was actually earned focuses on what work associated with the sale remained at the time of resignation. See Howser v. Carruth Mortgage Corp., 476 So.2d 830 (La.App. 5 Cir. 1985). In the instant matter, considering the nature of the sales and the clearly-established method of determining compensation based on verifiable post-sale events, we find no error in the trial court's failure to award commissions on these contracts.
However, we do find error in the trial court's failure to include in the award the sum of $41.15, which pursuant to the parties' stipulation remained unpaid. Therefore, we will amend the trial court's judgment to include an additional award of $41.15.
Finally, Becht seeks additional attorney's fees on appeal, in accordance with LSA-R.S. 23:632. Additional attorney's fees are usually awarded when a party appeals, obtains no relief, and the appeal has necessitated additional work on the opposing party's counsel. Loup, 98-0329 at pp. 8-9, 729 So.2d at 694. Accordingly, we award Becht the additional sum of $1,000.00 in attorney's fees on appeal.
*60 For the foregoing reasons, the judgment of the trial court is amended to include additional awards in favor of Brian R. Becht in the sums of $41.15 in commissions plus $1,000.00 in attorney's fees. In all other respects, the judgment is affirmed. Costs are assessed against Morgan Buildings & Spas, Inc.
AFFIRMED, AS AMENDED.
WHIPPLE, J., concurs in part & dissents in part, for reasons assigned.
WHIPPLE, J. concurring in part and dissenting in part.
I agree with the majority in all respects except the denial of the remaining commissions claimed by plaintiff. I disagree with the trial court's (and the majority's) failure to make any award for the commissions generated by product sales made prior to, (but with delivery after) plaintiff's employment ceased. In my view, the enforcement of this contractual provision is contra bonos mores, and is statutorily prohibited. See LSA-R.S. 23:634. For these reasons, I respectfully dissent in part.
NOTES
[1] The submission of the case to the trial court on stipulations rather than live testimony does not alter the manifest error standard of review. Alexander v. Pellerin Marble & Granite, 93-1698 (La.1/14/94), 630 So.2d 706; Virgil v. Am. Guarantee and Liab. Ins. Co., 507 So.2d 825 (La.1987).