LE BLANC, Justice.
This is a suit based on Article 2749 of the LSA-Civil Code, which provides:
“If, without any serious ground of complaint, a man should send away a laborer whose services he has hired for a certain time, before that time has expired, he shall be bound to pay to such laborer the whole of the salaries which he would have been entitled to receive, had the full term of his services arrived.”
Defendant Í9 a newly organized industrial insurance company, having started business sometime in the middle of the year 1947. Laneuville, plaintiff, one of the organizers of the corporation was elected as the president of the company, and was hired as manager. After working a month or so under a temporary agreement as to salary, plaintiff, according to the minutes of said company, suggested that a committee be appointed to draw up a “Managers Agreement”. The committee was formed, met, and decided to employ plaintiff for a period of three years at a salary of $50 per week plus certain commissions. This agreement appears and is' shown to have been accepted by defendant in the minutes of. the corporation of August 14, 1947.
On June 7, 1949, almost two years thereafter, at a meeting of the board of directors, the managers agreement was discussed and the defendant corporation agreed to extend the original agreement for three years after the original agreement would expire. We reproduce here the precise action taken, as shown by the minutes of that date:
“The manager’s present agreement was next discussed. It was brought out that the present agreement was for a period of three years, but the manager did not take advantage of all the conditions relative to his salary and commissions and that it was in all fairness that the agreement be extended. (Motion carried to extend for three years at termination of present agreement.)”
On October 18, 1950, a new president was elected, and on November 10, 1950, plaintiff, was discharged as manager of the company.
*727 On March 16, 1951, after amicable demand, plaintiff filed this suit asking for damages of $7,200 in salary being 140 weeks at $50 a week, plus $1,391.80 representing commissions allegedly due and owed by defendant. He alleged his discharge was without any cause whatsoever. Defendant in its answer - denied any liability alleging no commissions were due, and that plaintiff was discharged because of incompetence, mismanagement, and for failure to comply with instructions directed to him by the board of directors.
After a trial, there was judgment below in favor of plaintiff for $7,200 representing the salary claimed. The claim for commissions was denied because of lack of proof of the basis upon which they were to be paid. Defendant brings this appeal, asking that the judgment be reversed. Plaintiff did not appeal nor answer the appeal taken by defendant. He asks only that the judgment of the lower court be affirmed, and his claim for commissions will be considered as having been abandoned.
Defendant contends that the trial judge erred in giving effect to the employment contract and erred in not finding from the evidence presented, sufficient facts to justify “serious cause” for dismissal as required by Article 2749, LSA-C.C.
The first assignment of error is based on an alleged failure of consideration or cause, due to 'an ambiguity in the manager’s agreement concerning the páyment of commissions to plaintiff. But as this paid of. plaintiff’s claim is no longer involved in the case this point is now immaterial. It cannot be disputed that a sufficient consideration has been shown insofar as the $50 a week salary is concerned.
This leaves only for consideration the question of whether or not there existed serious ground of complaint to warrant plaintiff’s dismissal in view of the fact that the term of the employment contract had not yet - expired. As stated above the grounds alleged by defendant are incompetence, mismanagement, and failure to comply with instructions directed to him by the board of directors.
Besides the minutes of the corporation, to which reference has already been made, the evidence offered by plaintiff, shows that on June 7, 1949, after plaintiff had been with the defendant, company almost two years, his employment agreement was extended for an additional term of three years from the date on which it was to terminate, the reason given being that plaintiff had not taken full advantage of the commissions due him under the contract. Plaintiff contends this was because of the lack of funds with which to pay these commissions-. The- trial judge felt obligated to hold that the services must have been satisfactory at the time of the extension.
Effect has to be given to the recorded minutes of the meeting of the Board of Directors of the Corporation: An effort was made by some of defendant’s witnesses to discount that effect by stating that they did *729 not represent the true proceedings that were had but this proved abortive in view of a stipulation by their counsel as to their genuineness.
Plaintiff also showed that on October 18, 1950 at a stockholder’s meeting, seven new members were elected to the board of directors, six of them who did not appear as stockholders of record, April 1, 1950; that immediately after the stockholder’s meeting was adjourned, the board of directors met, and at this meeting one of the new stockholders and directors was elected president of the company, another vice-president, another assistant secretary, another treasurer, and another chairman of the board; that less than one month later, he was discharged by the company without being given any reason for his discharge. His contention is that these new stockholders and directors together with a few of the older stockholders, who as a group held a majority of the stock, decided to discharge him so that they could have full charge of the business. The trial judge seems to have .agreed with this contention and held the discharge to be without serious cause.
The evidence offered by defendant shows that the books and records of the company have always been poorly kept; that the company has not made any profit since its inception' — in fact, the stockholders have been assessed each year to bring the surplus up to legal requirements; that plaintiff’s explanations of business conditions and his reports to the hoard of directors were never satisfactory to certain members; that certain taxes and license fees were not paid on time resulting in fines; and that the cash and petty cash accounts were not properly kept.
In rebuttal plaintiff offered evidence that the company was undercapitalized since its inception resulting in a deficit surplus each year which had to be made up through assessments; that he was without sufficient help to keep proper books, having only the services of a part-time bookkeeper at his disposal; that he was often without funds to pay the taxes- and license fees, the bank account being often overdrawn; and that oftentimes the part-time bookkeeper did not prepare the returns in time; that his explanation of the business condition and his reports were not satisfactory to or understood by certain directors because he was the only one with any past experience in the insurance business; that the petty cash account was never kept at a stipulated sum from week to week but was used rather freely for all expenses of the new company.
The record is replete with charges and contradictions and presents a case which must be' decided on the credibility of the witnesses and the weight to be given to their testimony. The trial judge below resolved the issue in favor of the plaintiff. Defendant has been unable to point ..out manifest error and neither do we find any in the conclusions reached by him.
For the reasons stated,, the- judgment' appealed from is affirmed at the costs of the appellant.