United States Court of Appeals,

Fifth Circuit.

No. 92-3701

Summary Calendar.

Art C. CHAUVIN, Plaintiff-Appellant,

v.

TANDY CORPORATION, d/b/a Radio Shack, and James Nichols, Defendants-Appellees.

March 4, 1993.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before JOLLY, DUHÉ, and BARKSDALE, Circuit Judges.

DUHÉ, Circuit Judge:

Art C. Chauvin, Appellant, seeks review of a summary judgment in favor of the Appellees, Tandy Corporation and James Nichols. The district court held that Chauvin was an at-will employee of the Tandy Corporation, and therefore, his complaints of wrongful termination, negligent misrepresentation, abuse of rights, equitable estoppel, and tortious interference with contract were unfounded. We affirm.

Background

Appellant was hired by the Tandy Corporation ("Tandy") as a part-time sales person in 1980. At that time, Chauvin received a Statement of Company Policy, Tandy Corporation Employment Agreement and an Employee Handbook. Chauvin "understood" that these documents embodied an employment contract. These documents, however, did not state the length of the employment relationship, and were silent as to whether the employment relationship was at will.

In 1984, Chauvin signed a document which stated that his employment was at will and terminable by either party at any time. He also received a copy of a revised Employee Handbook and acknowledged that he read it. The handbook stated that the employment relationship was at will and that nothing in the application form, employee handbook, or operating manual was intended to be an express or implied contract of employment. All subsequent editions of the handbook and the

operating manual contained the same language.

In 1988, Chauvin elected to participate in the Senior Manager Program. The Senior Manager Compensation Plan stated that it was not an employment contract and that a Senior Manager was an employee at-will. Chauvin read and understood this plan. In October 1988, Chauvin became the Senior Manager of a new store in the Virgin Islands. As an enticement for moving there, he received a special pay plan. This pay plan also stated that it was not an employment contract and that the employment relationship was at-will.

In September 1988, in a discussion with Defendant Nichols, Chauvin was asked to commit to staying at least two years in the Virgin Islands. He agreed. In May or July 1990, he was asked to stay on for an additional length of time. Chauvin was terminated by Tandy in March 1991.

*I. Standard of Review*

Summary judgment is appropriate if the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In reviewing the summary judgment, we apply the same standard of review as did the district court. *Waltman v. International Paper Co.,* 875 F.2d 468, 474 (5th Cir.1989); *Moore v. Mississippi Valley State Univ.,* 871 F.2d 545, 548 (5th Cir.1989). The pleadings, depositions, admissions, and answers to interrogatories, together with affidavits, must demonstrate that no genuine issue of material fact remains. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To that end we must "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.,* 784 F.2d 577, 578 (5th Cir.1986). If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

In addition, a reviewing court is not limited to the district court's reasons in affirming a grant of summary judgment. This Court may affirm on grounds other than those relied upon by the district court when the record contains an adequate and independent basis for that result. *Guthrie v. Tifco Indus.,* 941 F.2d 374, 379 (5th Cir.1991), *cert. denied,* --- U.S. ----, 112 S.Ct. 1267, 117 L.Ed.2d

495 (1992); *Schuster v. Martin,* 861 F.2d 1369, 1371 (5th Cir.1988).

*II. Substantive Law*

The relevant articles of the Louisiana Civil Code are:

> Persons who have attained the age of majority cannot bind themselves for a longer term than ten years. La.Civ.Code Ann. art. 167 (West 1952).

> A man can only hire out his services for a certain limited time, or for the performance of a certain enterprise. La.Civ.Code Ann. art. 2746 (West 1952).

> A man is at liberty to dismiss a hired servant attached to his person or family, without assigning any reason for so doing. The servant is also free to depart without assigning any cause. La.Civ.Code Ann. art. 2747 (West 1952).

> A contract of unspecified duration may be terminated at the will of either party by giving notice, reasonable in time and form, to the other party. La.Civ.Code Ann. art. 2024 (West 1987).

> If, without any serious ground of complaint, a man should send away a laborer whose services he has hired for a certain time, before that time has expired, he shall be bound to pay such laborer the whole of the salaries which he would have been entitled to receive, had the full term of his services arrived. La.Civ.Code Ann. art. 2749 (West 1952).

A consistent line of jurisprudence in Louisiana, as well as federal cases applying Louisiana law, holds that an employment contract for an indefinite term is terminable at the will of either party. *See Brannan v. Wyeth Laboratories, Inc.,* 526 So.2d 1101, 1103 (La.1988); *Overman v. Fluor Constructors, Inc.,* 797 F.2d 217 (5th Cir.1986).

*III. Discussion*

Chauvin contends that he was unjustly terminated in March 1991. He argues that at various points in his employment relationship with Tandy, he formed an employment contract for a definite term whereby he could be terminated only for cause and with notice. We reject these contentions and conclude that Chauvin was at all times an at will employee subject to termination without cause, and that even if his employment were subject to a certain term, that as a matter of law, he was terminated for cause and with notice.

Chauvin argues that his initial employment with Tandy was a contract of employment for an indefinite period, which could not be terminated without just cause and without reasonable notice.[1]

---

[1]Chauvin also contends that his employment contract with Tandy was not changed in 1984 when he signed the acknowledgement stating that his employment was at will. Because we find

He contends that, because he gave consideration[2] under the original employment agreement, under *Pitcher v. United Oil & Gas Syndicate, Inc.,*[3] a contract was formed. We reject Chauvin's contention that because he provided a consideration, his employment was not terminable at will. The *Pitcher* case on which he relies is distinguishable. In *Pitcher,* the written contract specified that the employee was to be employed "as long as said company is operating." *Pitcher,* 139 So. at 761. The *Pitcher* court, citing law from other jurisdictions, stated that "as long as said company operat[ed]" could be a specified term if the employee gave some consideration to the employer. We find no other Louisiana cases in which an employment contract was held to be for a definite term because the employee gave a "consideration." Additionally, Louisiana law does not recognize the common law doctrine of consideration. La.Civ.Code Ann. arts. 1966 & 1967 (West 1987). Finally, in the case of *Brannan v. Wyeth Laboratories, Inc.,*[4] the plaintiff also agreed, as did Mr. Chauvin, not to "engage in other similar work, not to disclose company secrets, and [ ] that anything developed, discovered or patented by the employee will be turned over to [the company]." *Id.* at 1102. In that case, the court held that the plaintiff did not give consideration as contemplated by *Pitcher. Brannan,* 526 So.2d at 1104. We conclude t hat plaintiff's initial employment with Tandy was for an indefinite period and therefore, was an at will relationship under La.Civ.Code Ann. arts. 2746 & 2747. Additionally, the document signed by Chauvin in 1984 did not change that status.

Chauvin further argues that in 1988, when he agreed to become a senior manager, an employment contract was formed for an indefinite period under which he could only be terminated for cause and after written notice. Again he claims that by giving a consideration, a contract was formed. We reject, for the reasons stated above, that his contributions to the plan constituted consideration sufficient to form a contract under Louisiana law. Additionally, although the Senior

that his initial employment was at will, this argument is without merit.

[2]The consideration he alleges was agreeing with Tandy not to disclose confidential matters, not to compete, and to convey to Tandy his rights in intellectual property.

[3]174 La. 66, 139 So. 760 (1932).

[4]526 So.2d 1101 (La.1988).

Manager Program Pay Plan sets forth termination procedures, the first paragraph of the document states

> Neither the Senior Manager Program nor the compensation plan described in the Program are employment contracts, and it is understood that the employment relationship with Radio Shack is an at will relationship. The Company reserves the right to modify, amend, or terminate the Senior Manager Program at any time, with or without notice.

Therefore, we conclude that participation in the Senior Manager Program did not change the at will status of Chauvin's employment with Tandy.

Chauvin also alleges that in September 1988, he entered into a verbal two year employment contract with Tandy. He bases this contention on a telephone conversation with Defendant Nichols discussing his transfer to the Virgin Islands and Nichols' notes of this conversation. Whether a two year contract ever existed is moot because at the time of Chauvin's discharge, the two year time period covered by this alleged contract had elapsed.

In May 1990, Chauvin and Nichols again discussed Chauvin's tenure in the Virgin Island. Chauvin contends that it was agreed to extend his stay for one additional year. He argues that this one year extension constituted an oral contract for a certain term. Nichols admits having this discussion with Chauvin, but contends that the extent of Chauvin's stay was not agreed upon. It was during this alleged additional year that Chauvin was discharged.

We agree with Chauvin that a fact issue exists as to whether the parties agreed to extend Chauvin's employment in the Virgin Islands for an additional year. We find, however, that even if a one year contract existed, Chauvin was terminated with notice and for cause as required by La.Civil Code Ann. arts. 2024 and 2749. To the extent that a one year contract existed, its terms would have been governed by the applicable provisions of the Louisiana Civil Code. The termination provisions of the Senior Manager Program would not apply, because that plan specifically provided that it was not a contract. Furthermore, this purported one year contract was entered into long after Chauvin became a Senior Manager. Under La.Civ.Code Ann. art. 2024, Chauvin would have been entitled to notice before termination, and under La.Civ.Code Ann. art. 2749, he could not be fired "without any serious ground of complaint."

Although the parties characterize the termination differently,[5] the facts leading up to Chauvin's termination are undisputed. Chauvin admits to the acts for which Tandy terminated him. The company handbook specifically states that an employee could be fired for the acts Chauvin committed. We conclude that no material fact is at issue and therefore, as a matter of law, Chauvin was terminated for cause. *See Laneuville v. Majestic Industrial Life Insurance Co.,* 223 La. 724, 66 So.2d 786, 788-89 (1953) (Just cause determination sent to factfinder because record was "replete with charges and contradictions ...").

We also hold that Chauvin received notice as required by La.Civ.Code Ann. art. 2024 when he was reprimanded for not promptly depositing funds. He received notice again when the investigators came out to determine if there had been violations of company policy, and finally when he was suspended without pay prior to his termination. *See Carlson v. Superior Supply Co.,* 536 So.2d 444 (La.Ct.App.1988), *cert. denied,* 537 So.2d 210 (La.1989) (Memo cancelling employment contracts two years prior to termination was reasonable notice.)

Finally, because we find that Chauvin was terminated for cause, we conclude that his other causes of action are meritless. For the foregoing reasons, the judgment of the district court is

AFFIRMED.

---

[5]Chauvin contends that he was fired for mismanagement and Tandy contends that he was fired for violating company policy.